THERMTRON PRODUCTS, INC., ET AL. *v*. HERMANSDORFER, U. S. DISTRICT JUDGE

No. 74–206.   Argued October 7, 1975—Decided January 20, 1976

WHITE, J., delivered the opinion of the Court, in which BRENNAN, MARSHALL, BLACKMUN, and POWELL, JJ., joined. REHNQUIST, J., filed a dissenting opinion, in which BURGER, C. J., and STEWART, J., joined, *post*, p. 353. STEVENS, J., took no part in the consideration or decision of the case.

*Frank G. Dickey, Jr.*, argued the cause and filed a brief for petitioners.

*C. Kilmer Combs* argued the cause and filed a brief for respondent.

MR. JUSTICE WHITE delivered the opinion of the Court.

The questions in this case are whether a Federal District Judge may remand a properly removed diversity case for reasons not authorized by statute, and, if not, whether such remand order may be remedied by writ of mandamus.

I

On April 9, 1973, two citizens and residents of Kentucky filed an action in a Kentucky state court against Thermtron Products, Inc., an Indiana corporation without office or place of business in Kentucky, and one Larry Dean Newhard, an employee of Thermtron and a citizen and resident of Indiana, seeking damages for injuries arising out of an automobile accident between plaintiffs' automobile and a vehicle driven by Newhard.

338

Service on the defendants, who are petitioners here, was by substituted service on the Secretary of State of the Commonwealth, pursuant to Kentucky law. Later that month, petitioners removed the cause to the United States District Court for the Eastern District of Kentucky pursuant to 28 U. S. C. §§ 1441 [1] and 1446.[2] The

[1] Title 28 U. S. C. § 1441 provides:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

[2] Title 28 U. S. C. § 1446 provides:

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

"(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and

case was assigned a number, and the defendants filed their answer and later proceeded with discovery. On February 5, 1974, respondent judge issued an order in the case which recited that the action "was removed from the Pike Circuit Court, Pike County, Kentucky, on April 30, 1973, pursuant to the provisions of 28 U. S. C. § 1446," that his court had reviewed its entire civil docket and found "that there is no available time in which to try the above-styled action in the foreseeable future" and that an adjudication of the merits of the case would be expedited in the state court. Record 31. The order then called upon the defendants to show cause "why the ends of justice do not require this matter [to] be remanded to the Pike Circuit Court . . . ." *Ibid.* In response to the

is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

"(c) The petition for removal of a criminal prosecution may be filed at any time before trial.

"(d) Each petition for removal of a civil action or proceeding, except a petition in behalf of the United States, shall be accompanied by a bond with good and sufficient surety conditioned that the defendant or defendants will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed.

"(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

"(f) If the defendant or defendants are in actual custody on process issued by the State court, the district court shall issue its writ of habeas corpus, and the marshal shall thereupon take such defendant or defendants into his custody and deliver a copy of the writ to the clerk of such State court."

order, petitioners asserted that they believed they could not have a fair and impartial trial in the state courts, that the cause had been properly removed pursuant to the applicable statutes, that petitioners had a federal right to have the cause tried in the federal court, that respondent had no discretion to remand the case merely because of a crowded docket, and that there was no other legal ground for the remand.

On March 22, 1974, respondent filed a memorandum opinion and order remanding the case to the Pike Circuit Court. The opinion noted petitioners' contention that they had a "right" to remove the action by properly invoking 28 U. S. C. § 1441, and remarked that "[t]he court must concede that fact." Record 36. That right, the opinion then stated, nevertheless had to be "balanced against the plaintiffs' right to a forum of their choice and their right to a speedy decision on the merits of their cause of action." *Ibid.* Because of the District Court's crowded docket and because other cases had priority on available trial time,[3] "plaintiffs' right of re-

---

[3] The condition of respondent's docket and the priority for trial of cases on the docket were explained by respondent in the memorandum opinion and order, Record 36–37:

"At the close of business on February 28, 1974 there were pending on the dockets for which this Court has primary responsibility a total of eighty (80) criminal actions and three hundred ninety-four (394) civil actions. These cases have been assigned various priorities. The first priority is granted criminal actions. Social Security and Black Lung cases* have a priority second only to criminal cases. *Webb* v. *Richardson*, 472 F. 2d 529, 538 (6th Cir. 1972). A third priority is granted those actions in which the United States is a party. The lowest priority, as a matter of necessity, is assigned private civil actions. Consequently, the period between the filing of such actions and the time in which they are assigned for trial must, regrettably, continually be extended."

"*At the present time the Eastern District of Kentucky is experiencing an influx of Black Lung related actions. The Department

dress is being severely impaired," which "would not be the case if the cause had not been removed from the state courts." *Id.*, at 37. Remarking that the purpose of the removal statute was to prevent prejudice in local courts and being of the view that petitioners had made no showing of possible prejudice that might follow from remand, respondent then ordered the case remanded.[4]

Petitioners then filed in the Court of Appeals for the Sixth Circuit their alternative petition for writ of mandamus or prohibition, requesting relief on the ground that the action had been properly removed and that respondent had no authority or discretion whatsoever to remand the case on the ground asserted by him. Based on the petition and respondent's response, the Court of Appeals denied the petition after concluding (1) that the District Court had jurisdiction to enter the order for remand and (2) that the Court of Appeals

of Health, Education and Welfare predicts that a total in excess of four thousand (4,000) of these actions will ultimately be filed in this District."

[4] Apparently respondent entered similar orders of remand in other diversity cases removed to his court. Petitioners stated in their petition for a writ of mandamus in the Court of Appeals that they believed "upon information only, that the Respondent herein has entered similar Orders of Remand in approximately 28 other actions, which actions either were removed to the United States District Court for the Eastern District of Kentucky, at Pikeville, in 1973, or which actions constitute all cases removed to said Court during the year 1973." *Id.*, at 8–9. At oral argument before this Court, petitioners' counsel stated that during 1973, 14 cases had been removed from the Pike Circuit Court to respondent's court and that in every case respondent had issued orders to defendants to show cause why the cases should not be remanded to the state court. Petitioners' counsel further stated that respondent had entered orders of remand to the state court in all but two of those cases. Tr. of Oral Arg. 8.

had no jurisdiction to review that order or to issue mandamus because of the prohibition against appellate review contained in 28 U. S. C. § 1447 (d). We granted the petition for certiorari, 420 U. S. 923 (1975), and now reverse.

## II

Title 28 U. S. C. § 1441 (a) provides that unless otherwise expressly provided by Act of Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," may be removed by the defendant to the district court of the United States.[5] Section 1446 provides the procedure for removal;[6] and a case removed under that section may be remanded only in accordance with § 1447 which governs procedure after removal. Section 1447 (c) provides in part:

> "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs."

The following section, § 1447 (d), generally forbids review of remand orders:

> "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it is removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."[7]

---

[5] See n. 1, *supra.*

[6] See n. 2, *supra.*

[7] Title 28 U. S. C. § 1443 provides:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the

It is unquestioned in this case and conceded by petitioners that this section prohibits review of all remand orders issued pursuant to § 1447 (c) whether erroneous or not and whether review is sought by appeal or by extraordinary writ. This has been the established rule under § 1447 (d) and its predecessors stretching back to 1887. See, *e. g., In re Pennsylvania Co.*, 137 U. S. 451 (1890); *Ex parte Matthew Addy S. S. Co.*, 256 U. S. 417 (1921); *Employers Reinsurance Corp.* v. *Bryant*, 299 U. S. 374 (1937); *United States* v. *Rice*, 327 U. S. 742 (1946). If a trial judge purports to remand a case on the ground that it was removed "improvidently and without jurisdiction," his order is not subject to challenge in the court of appeals by appeal, by mandamus, or otherwise.

The issue before us now is whether § 1447 (d) also bars review where a case has been properly removed and the remand order is issued on grounds not authorized by § 1447 (c). Here, respondent did not purport to proceed on the basis that this case had been removed "improvidently and without jurisdiction." Neither the propriety of the removal nor the jurisdiction of the court

---

district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

"(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

Title 28 U. S. C. § 1447 (d), as amended in 1949, was further amended in 1964 to provide expressly for review "by appeal or otherwise" of orders remanding cases that had been removed pursuant to § 1443. § 901 of Civil Rights Act of 1964, 78 Stat. 266. See *Georgia* v. *Rachel*, 384 U. S. 780 (1966); *City of Greenwood* v. *Peacock*, 384 U. S. 808 (1966).

was questioned by respondent in the slightest.[8]  Section 1447 (c) was not even mentioned.  Instead, the District Court's order was based on grounds wholly different from those upon which § 1447 (c) permits remand.  The determining factor was the District Court's heavy docket, which respondent thought would unjustly delay plaintiffs in going to trial on the merits of their action.  This consideration, however, is plainly irrelevant to whether the District Court would have had jurisdiction of the case had it been filed initially in that court, to the removability of a case from the state court under § 1441, and hence to the question whether this cause was removed "improvidently and without jurisdiction" within the meaning of the statute.

Removal of cases from state courts has been allowed since the first Judiciary Act, and the right to remove has never been dependent on the state of the federal court's docket.  It is indeed unfortunate if the judicial manpower provided by Congress in any district is insufficient to try with reasonable promptness the cases properly filed in or removed to that court in accordance with the applicable statutes.  But an otherwise properly removed action may no more be remanded because the district court considers itself too busy to try it than an action properly filed in the federal court in the first instance may be dismissed or referred to state courts for such reason.  *McClellan* v. *Carland*, 217 U. S. 268

---

[8] So far as the record reveals, it has not been questioned in this case that the cause is between citizens of different States, that it involves a claim of over $10,000 exclusive of interest and costs, that it is within the so-called diversity jurisdiction of the District Court and that it could have been initially filed in the District Court pursuant to 28 U. S. C. § 1331.  It also seems common ground that there is no express statutory provision forbidding the removal of this action and that the cause was timely removed in strict compliance with 28 U. S. C. § 1446.

(1910); *Chicot County* v. *Sherwood,* 148 U. S. 529 (1893); *Hyde* v. *Stone,* 20 How. 170 (1858).

We agree with petitioners: The District Court exceeded its authority in remanding on grounds not permitted by the controlling statute.[9]

### III

Although the Court of Appeals, erroneously we think, held that the District Court had jurisdiction to enter its remand order, the Court of Appeals did not mention § 1447 (c), did not suggest that the District Court had proceeded under that section, properly or improperly, and did not itself suggest that this case was not removable under § 1441 or that it had been improvidently removed from the state court for want of jurisdiction or otherwise. In the face of petitioners' position that the remand was for reasons not authorized by the statute, the Court of Appeals acted solely on the ground that under § 1447 (d) it had no jurisdiction to entertain a petition for writ of mandamus challenging the remand order issued by respondent in this case.

We disagree with that conclusion. Section 1447 (d) is not dispositive of the reviewability of remand orders in and of itself. That section and § 1447 (c) must be construed together, as this Court has said of the predecessors to these two sections in *Employers Reinsurance Corp.* v. *Bryant, supra,* at 380–381, and *Kloeb* v. *Armour & Co.,* 311 U. S. 199, 202 (1940). These provisions, like their predecessors, "are *in pari materia* [and] are to be

---

[9] Lower federal courts have uniformly held that cases properly removed from state to federal court within the federal court's jurisdiction may not be remanded for discretionary reasons not authorized by the controlling statute. *Romero* v. *ITE Imperial Corp.,* 332 F. Supp. 523, 526 (PR 1971); *Isbrandtsen Co.* v. *Dist. 2, Marine Engineers Ben. Assn.,* 256 F. Supp. 68, 77 (EDNY 1966); *Davis* v. *Joyner,* 240 F. Supp. 689, 690 (EDNC 1964); *Vann* v. *Jackson,* 165 F. Supp. 377, 381 (EDNC 1958).

construed accordingly rather than as distinct enactments . . . ." *Employers Reinsurance Corp.* v. *Bryant, supra,* at 380. This means that only remand orders issued under § 1447 (c) and invoking the grounds specified therein—that removal was improvident and without jurisdiction—are immune from review under § 1447 (d).

Section 1447 (d) has its roots in the Act of Mar. 3, 1887, 24 Stat. 552. Prior to 1875, orders of remand were not reviewable by appeal or writ of error for want of a final judgment. *Railroad Co.* v. *Wiswall,* 23 Wall. 507 (1875). Section 5 of the Judiciary Act of 1875, 18 Stat. 472, provided that if the trial court became satisfied at any time during the pendency of a case brought in or removed to that court that the case did not really or substantially involve a dispute or controversy properly within its jurisdiction, the action was to be either dismissed or remanded to the court from which it was removed as justice might require. The section expressly provided that the order dismissing or remanding the cause was to be reviewable on writ of error or appeal.[10] The Act of Mar. 3, 1887, however, while not disturbing

---

[10] Section 5 of the Judiciary Act of 1875, 18 Stat. 472, provided:

"That if, in any suit commenced in a circuit court or removed from a State court to a circuit court of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said circuit court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed as justice may require, and shall make such order as to costs as shall be just; but the order of said circuit court dismissing or remanding said cause to the State court shall be reviewable by the Supreme Court on writ of error or appeal, as the case may be."

the provision for dismissal or remand for want of jurisdiction, not only repealed the provision in § 5 of the 1875 Act providing for appellate review of remand orders but contained a provision that "improperly removed" cases should be remanded and that "no appeal or writ of error from the decision of the circuit court *so remanding* such cause shall be allowed." 24 Stat. 553.[11] (Emphasis added.)

These provisions for the disposition of removed cases where jurisdiction was lacking or removal was otherwise improper, together with the prohibition of appellate review, were later included in §§ 28 and 37 of the Judicial Code of 1911, appeared in 28 U. S. C. §§ 71 and 80 (1946 ed.), 36 Stat. 1094, 1098, and endured until 1948 [12] when

---

[11] The Act of Mar. 3, 1887, c. 373, 24 Stat. 553, provided in part:

" 'Whenever any cause shall be removed from any State court into any circuit court of the United States, and the circuit court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the circuit court so remanding such cause shall be allowed.' "

[12] Title 28 U. S. C. § 71 (1946 ed.), which was effective until the 1948 revision, provided in part:

"Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal from the decision of the district court so remanding such cause shall be allowed."

Title 28 U. S. C. § 80 (1946 ed.), which was also effective until the 1948 revision, provided:

"If in any suit commenced in a district court, or removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been brought or removed thereto, that such suit does not

28 U. S. C. § 1447 was enacted—minus, however, the prohibition against appellate review. The omission was corrected in 1949 when the predecessor of the present subsection (d) came into being.[13]

Until 1948, then, district courts were authorized to remand cases over which they had no jurisdiction or which had been otherwise "improperly" removed, and district court orders "so remanding" were not appealable. It was held that a case remanded for want of jurisdiction under § 80, which itself contained no prohibition of appellate review, was an "improperly" removed case under § 71 and hence subject to the reviewability bar of that section. *Employers Reinsurance Corp.* v. *Bryant,* 299 U. S. 374 (1937). But under the plain language of § 71, a case was "so remanded" and within the reviewability prohibition only if it had been *improperly* removed. Insofar as we are advised, no case in this Court ever held that § 71 prohibited appellate review by mandamus of a remand order not purporting to be based on the statutory ground.[14]

---

really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

[13] As amended in 1949, 28 U. S. C. § 1447 (d) (1946 ed., Supp. III) provided:

"(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."

The subsection took its present form in 1964, when Congress amended the subsection to provide for review of cases removed pursuant to 28 U. S. C. § 1443. See n. 7, *supra.*

[14] *Kloeb* v. *Armour & Co.,* 311 U. S. 199 (1940), upon which respondent relies, plainly did not do so. There, various suits were

Sections 1447 (c) and (d) represent the 1948 recodification of §§ 71 and 80. They were intended to restate the prior law with respect to remand orders and their

---

filed in the Ohio state courts against Armour and an individual. Armour's removal petitions, filed in the state courts in accordance with the then-controlling procedure and asserting the right to remove because of a separable controversy between it and the plaintiffs, were denied by the trial court. The Ohio Supreme Court reversed, holding that the controversy with Armour was separable and that its removal petitions should have been granted. The trial court complied, and the cases were removed; but a motion to remand was then granted in the Federal District Court on the ground that in its view there was no separable controversy and hence no federal jurisdiction. The Court of Appeals for the Sixth Circuit granted Armour's mandamus petition, holding that the District Court had no power to determine the separable-controversy issue because that question had been finally determined by the Ohio Supreme Court. The Court of Appeals deemed inapplicable the prohibition against review by appeal or mandamus where the action of the District Court flouted not only the doctrine of res judicata but also the statutes directing courts to give full faith and credit to the decisions of state tribunals. The view of the Court of Appeals was that the prohibition against review contained in § 71 barred review of erroneous decisions but not of those beyond the power of the District Court. In reversing, this Court could not agree with "[t]he suggestion that the federal district court had no power to consider the entire record and pass upon the question of separability, because this point had been finally settled by the Supreme Court of Ohio." 311 U. S., at 204. Although the Ohio Supreme Court had held that the state trial court should have relinquished jurisdiction, the federal court was required by the controlling statute to consider its own jurisdiction, which it had proceeded to do in determining that "the controversy was not within the jurisdiction of that court" and that the case should be remanded. The remand order was thus deemed by this Court to be strictly within the power conferred upon the District Court by the statute, inasmuch as it was based on a determination of jurisdiction over the case. Mandamus was therefore barred by § 71.

It is apparent that *Kloeb* does not control this case. *Kloeb* did not hold that mandamus would not lie to challenge an order based

reviewability.[15]   There is no indication whatsoever that Congress intended to extend the prohibition against review to reach remand orders entered on grounds not provided by the statute.

---

upon grounds that the District Court was not empowered by statute to consider.   To the contrary, *Kloeb* held that the District Court was not bound by the state court's jurisdictional determination, and that the District Court's remand order, entered for want of jurisdiction in compliance with the controlling statute, was not reviewable by mandamus.   In contrast to *Kloeb*, where the remand for want of jurisdiction was expressly authorized by the statute, here the District Court did not purport to comply with the removal and remand statutes at all.   Its remand was on wholly unauthorized grounds.

[15] When the Judicial Code was revised in 1948, 28 U. S. C. § 1447 (e) (1946 ed., Supp. II) (now § 1447 (c)) provided:

"If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case."   There was no express provision, as there had been under former § 71, prohibiting review of such order. The Reviser's Note stated:

"Subsection (e) [now subsec. (c)] is derived from sections 71 and 80 of title 28, U. S. C., 1940 ed.   Such subsection is rewritten to eliminate the cumbersome procedure of remand."   Note following 28 U. S. C. § 1447.

There was no intent to change the prior law substantively, although the prohibition of appellate review of remand orders contained in § 71 of the old Code was inexplicably omitted.   The omission was quickly rectified by the 1949 amendments to the Code. Section 1447 (c) (1946 ed., Supp. III), which had been § 1447 (e) (1946 ed., Supp. II) in the 1948 revision, took its present form and § 1447 (d) (1946 ed., Supp. III) was enacted.   The House Report on the 1949 amendments explained the addition of § 1447 (d):

"This section strikes out subsections (c) and (d) of section 1447 of title 28, U. S. C., as covered by the Federal Rules of Civil Procedure, and adds a new subsection to such section 1447 to remove any doubt that the former law as to the finality of an order of remand to a State court is continued."   H. R. Rep. No. 352, 81st Cong., 1st Sess., 15.

The plain intent of Congress, which was accomplished with the 1949

There is no doubt that in order to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues, *United States* v. *Rice,* 327 U. S., at 751, Congress immunized from all forms of appellate review any remand order issued on the grounds specified in § 1447 (c), whether or not that order might be deemed erroneous by an appellate court. But we are not convinced that Congress ever intended to extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute. That justice may move more slowly in some federal courts than in their state counterparts is not one of the considerations that Congress has permitted the district courts to recognize in passing on remand issues. Because the District Judge remanded a properly removed case on grounds that he had no authority to consider, he exceeded his statutorily defined power; and issuance of the writ of mandamus was not barred by § 1447 (d).

In so holding we neither disturb nor take issue with the well-established general rule that § 1447 (d) and its

---

amendment, was to recodify the pre-1948 law without material change insofar as the provisions of §§ 71 and 80 of the old Code here relevant were concerned. That the word "improperly" in the old law was changed to "improvidently" in § 1447 (c) (1946 ed., Supp. III) with reference to the criteria for remanding cases removed from state and federal court is of no moment. "[N]o changes of law or policy are to be presumed from changes of language in the [1948] revision [of the Judicial Code] unless an intent to make such changes is clearly expressed." *Fourco Glass Co.* v. *Transmirra Corp.,* 353 U. S. 222, 227 (1957) (footnote omitted). What this Court said in *Employers Reinsurance Corp.* v. *Bryant,* 299 U. S. 374 (1937), with respect to the *in pari materia* construction of §§ 71 and 80 of the pre-1948 Judicial Code is equally true today of §§ 1447 (c) and (d) in light of the identical substantive content of the two sets of statutory provisions.

predecessors were intended to forbid review by appeal or extraordinary writ of any order remanding a case on the grounds permitted by the statute. But this Court has not yet construed the present or past prohibition against review of remand orders so as to extinguish the power of an appellate court to correct a district court that has not merely erred in applying the requisite provision for remand but has remanded a case on grounds not specified in the statute and not touching the propriety of the removal. We decline to construe § 1447 (d) so woodenly as to reach that result now.

## IV

There remains the question whether absent the bar of § 1447 (d) against appellate review, the writ of mandamus is an appropriate remedy to require the District Court to entertain the remanded action. The answer is in the affirmative.

A "traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche* v. *Evaporated Milk Assn.*, 319 U. S. 21, 26 (1943); *Ex parte Peru*, 318 U. S. 578, 584 (1943); *Bankers Life & Cas. Co.* v. *Holland*, 346 U. S. 379, 382 (1953). "Repeated decisions of this Court have established the rule . . . that the writ will lie in a proper case to direct a subordinate Federal court to decide a pending cause," *Insurance Co.* v. *Comstock*, 16 Wall. 258, 270 (1873), or to require "a Federal court of inferior jurisdiction to reinstate a case, and to proceed to try and adjudicate the same." *McClellan* v. *Carland*, 217 U. S., at 280.

In accordance with the foregoing cases, this Court has declared that because an order remanding a removed

action does not represent a final judgment reviewable by appeal, "[t]he remedy in such a case is by mandamus to compel action, and not by writ of error to review what has been done." *Railroad Co.* v. *Wiswall,* 23 Wall., at 508. Absent statutory prohibitions, when a remand order is challenged by a petition for mandamus in an appellate court, "the power of the court to issue the mandamus would be undoubted." *In re Pennsylvania Co.,* 137 U. S., at 453. There is nothing in our later cases dealing with the extraordinary writs that leads us to question the availability of mandamus in circumstances where the district court has refused to adjudicate a case, and has remanded it on grounds not authorized by the removal statutes. See *Will* v. *United States,* 389 U. S. 90 (1967); *Schlagenhauf* v. *Holder,* 379 U. S. 104 (1964); *La Buy* v. *Howes Leather Co.,* 352 U. S. 249 (1957); *McCullough* v. *Cosgrave,* 309 U. S. 634 (1940); *Los Angeles Brush Corp.* v. *James,* 272 U. S. 701 (1927). On the contrary, these cases would support the use of mandamus to prevent nullification of the removal statutes by remand orders resting on grounds having no warrant in the law.

The judgment of the Court of Appeals is reversed, and the case is remanded to that court for further proceedings consistent with this opinion.

*So ordered.*

MR. JUSTICE STEVENS took no part in the consideration or decision of this case.

MR. JUSTICE REHNQUIST, with whom THE CHIEF JUSTICE and MR. JUSTICE STEWART join, dissenting.

The Court begins its discussion in this case by asking the wrong questions, and compounds its error by arriving at the wrong answer to at least one of the questions thus posed. The principal, and in my view only, issue pre-

sented for review is whether the Court of Appeals was correct in concluding that it was without jurisdiction to review the order of remand entered by the District Court for the Eastern District of Kentucky. If no jurisdiction existed, it of course follows that there was no power in the Court of Appeals to examine the merits of petitioners' contentions that the order of remand exceeded respondent's authority, and that its order denying relief must be affirmed. *Mansfield, C. & L. M. R. Co.* v. *Swan,* 111 U. S. 379 (1884). As I think it plain that Congress, which has unquestioned authority to do so, *Sheldon* v. *Sill,* 8 How. 441 (1850), has expressly prohibited the review sought by petitioners, I dissent.

## I

The Court of Appeals not unreasonably believed that 28 U. S. C. § 1447 (d) means what it says. It says:

> "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."

Nor was the Court of Appeals confronted with a question of first impression. As the Court recognizes, the limitation found in § 1447 (d) has remained substantially unchanged since its enactment in 1887, and this Court has consistently ruled that the provision prohibits any form of review of remand orders.

Congress' purpose in barring review of all remand orders has always been very clear—to prevent the additional delay which a removing party may achieve by seeking appellate reconsideration of an order of remand. The removal jurisdiction extended by Congress works a significant interference in the conduct of litigation commenced in state court. While Congress felt that making available a federal forum in appropriate instances justifies some such interruption and delay, it obviously

thought it equally important that when removal to a federal court is not warranted the case should be returned to the state court as expeditiously as possible. If this balanced concern is disregarded, federal removal provisions may become a device affording litigants a means of substantially delaying justice.

It is clear that the ability to invoke appellate review, even if ultimately unavailing on the merits, provides a significant opportunity for additional delay. Congress decided that this possibility was an unacceptable source of additional delay and therefore made the district courts the *final* arbiters of whether Congress intended that specific actions were to be tried in a federal court.

I do not doubt that the district courts may occasionally err in making these decisions, and certainly Congress was not unaware of these probabilities. All decisionmakers err from time to time, and judicial systems frequently provide some review to remedy some of those errors. But such review is certainly not compelled. Congress balanced the continued disruption and delay caused by further review against the minimal possible harm to the party attempting removal—who will still receive a trial on the merits before a state court which cannot be presumed to be unwilling or unable to afford substantial justice—and concluded that no review should be permitted in these cases. Congress has explicitly indicated its intent to achieve this result; indeed "[i]t is difficult to see what more could be done to make the action of [remand] final, for all the purposes of the removal, and not the subject of review . . . ." *Morey* v. *Lockhart,* 123 U. S. 56, 57 (1887). Yet the Court today holds that Congress did not mean what it so plainly said.

The majority attempts to avoid the plain language of § 1447 (d) by characterizing the bar to review as limited to only those remand orders entered pursuant

to the directive of § 1447 (c), *i. e.*, those cases "removed improvidently and without jurisdiction." But such a crabbed reading of the statute ignores the undoubted purpose behind the congressional prohibition. If the party opposing a remand order may obtain review to litigate whether the order was properly pursuant to the statute, his ability to delay and to frustrate justice is wide ranging indeed. By permitting such a result here, the Court effectively undermines the accepted rule established by Congress and adhered to for almost 90 years.

Nor is it any more than a naive hope to suppose, as the Court apparently does, that the effect of today's decision will be limited to the unique circumstances of this case. According to the Court, this case is beyond the reach of § 1447 (d) by virtue of the fact that respondent appears to have expressly premised his remand of the case before him on a ground not authorized by Congress, a conclusion purportedly drawn from the face of respondent's order. I may agree, *arguendo*, that an order of remand based upon the clogged docket of the district court and a desire to obtain for the parties a trial in some forum without unreasonable delay, however salutary the motivation behind it, is not within the discretion placed in district courts by Congress. But I fail to see how such an order of remand is any more unauthorized than one where the district court erroneously concludes that an action was removed "improvidently and without jurisdiction." Surely such an error equally contravenes congressional intent to extend a "right" of removal to those within the statute's terms. Yet such an error, until today, never has been thought subject to challenge by appeal or extraordinary writ.

The Court seems to believe the instant case different because it has determined to its satisfaction that respondent's order was not merely an erroneous applica-

tion of § 1447 (c), but was based upon considerations district courts are not empowered to evaluate. I think the Court's purported distinction both unworkable and portentous of the significant impairment of Congress' carefully worked out scheme. The Court relies upon its belief that respondent's order made clear that he was not acting in accordance with § 1447 (c). But there was no requirement that respondent issue any explanation of the grounds for his remand order, and there is no reason to expect that district courts will always afford such explanations. If they do not, is there now jurisdiction in the courts of appeals to compel an explanation so as to evaluate potential claims that the lower court was not acting pursuant to subsection (c)? And what if the district court does state that it finds no jurisdiction, using the rubric of § 1447 (c), but the papers plainly demonstrate such a conclusion to be absurd? Are potential challengers to such an order entitled to seek the aid of the court of appeals, first to demonstrate that the order entered by the lower court was a sham and second to block that order pursuant to today's decision? If the Court's grant of certiorari and order of reversal in this case are to have any meaning, it would seem that such avenues of attack should clearly be open to potential opponents of orders of remand. Yet it is equally clear that such devices would soon render meaningless Congress' express, and heretofore fully effective, directive prohibiting such tactics because of their potential for abuse by those seeking only to delay.

## II

The majority's only support for its conclusion that § 1447 (d) no longer means what everyone thought it did is the fact that the predecessor statute provided:

> "Whenever any cause shall be removed from any State court into any district court of the United

States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal from the decision of the district court so remanding such cause shall be allowed." 28 U. S. C. § 71 (1946 ed.).

In the Court's view the words "so remanding" limited the bar of the prior statute. But this appears a novel construction of the former § 71. If "so remanding" had any limiting effect upon the prohibition against review, it would seem to have restricted the bar to only those cases which a district court determined to have been "improperly removed," as described in the above-quoted sentence. Yet this Court early held that the original prohibition against review of remand orders contained in the Act of Mar. 3, 1887, 24 Stat. 553, applied to bar review not only of remands of removals taken on account of prejudice or local influence—which were not remanded because "improperly removed" but rather pursuant to independent statutory directives requiring the district courts to remand such cases unless they found the opposing party could not obtain justice in the state court—but also of all other remands entered by a district court. Rejecting an argument essentially identical to that advanced by the majority, the Court there held:

> "The fact that it is found at the end of the section, and immediately after the provision for removals on account of prejudice or local influence, has, to our minds, no special significance. Its language is broad enough to cover all cases, and such was evidently the purpose of Congress." *Morey*, 123 U. S., at 58.

In *Employers Reinsurance Corp.* v. *Bryant,* 299 U. S. 374 (1937), the Court reiterated its *Morey* holding, ruling that even though the 1911 revision of the Judicial Code had split removal and remand provisions into various sections, the prohibition against review continued to bar all attempts to challenge orders of remand. The majority characterizes *Bryant* as holding that orders of remand issued pursuant to former 28 U. S. C. § 80 (1946 ed.) were cases "improperly removed" within the meaning of § 71 of that Title. *Ante,* at 348. But there is no such statement anywhere in *Bryant,* and that case's clearly stated holding is that the prohibitions against review of remand orders originally enacted in 1887 (and still in effect) "are intended to reach and include all cases removed from a state court into a federal court and remanded by the latter." 299 U. S., at 381. See *United States* v. *Rice,* 327 U. S. 742, 752 (1946).

Even if one were to accept the majority's theory that "so remanding" somehow limited the otherwise universal prohibition against review, there is no such phrase in the current statute. The majority attempts to avoid this by contending that Congress "intended to restate the prior law with respect to remand orders and their reviewability." *Ante,* at 349–350. But this assertion flies in the face of the fact that in revising and codifying Title 28, Congress intended to, and did, work significant changes in prior law governing the Judicial Code and the judiciary. The House Committee made clear that the proposed revisions to the removal provisions effectuated a substantially altered and less cumbersome scheme of removal, in which several prior avenues to federal court had been removed so as to restrict federal jurisdiction. H. R. Rep. No. 308, 80th Cong., 1st Sess., 6, A133–A134.

And with respect to the section at issue here, § 1447, the House Judiciary Committee noted that the new

> "[s]ection consolidates procedural provisions of sections 71, 72, 74, 76, 80, 81 and 83 of title 28, U. S. C. 1940 ed., with important changes in substance and phraseology." *Id.,* at A–136.

It is difficult to see how changes thus described by the Committee can have had no effect on the law.

The Court stresses that the 1949 reintroduction of the bar to review, apparently inadvertently omitted from the 1948 revision of the Judicial Code, was intended to enact the same rule of finality previously in effect. *Ante,* at 350 n. 15. I agree with this interpretation, but not with the Court's application of it. The "former law as to finality" which was continued by subsection (d) is that which had been in effect from 1887. Congress has made all judgments "remanding a cause to the state court final and conclusive." *In re Pennsylvania Co.,* 137 U. S. 451, 454 (1890); *Bryant, supra.* Until today it has not been doubted that

> "Congress, by the adoption of these provisions, . . . established the policy of not permitting interruption of the litigation of the merits of a removed cause by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed. This was accomplished by denying any form of review of an order of remand . . . ." *United States* v. *Rice, supra,* at 751.

### III

Finally, I perceive no justification for the Court's decision to ignore the express directive of Congress in favor of what it personally perceives to be "justice" in this case. If anything is clear from the history of the prohibition against review, it is that Congress decided that po-

tential errors in individual cases did not justify permitting litigants to challenge remand orders. To carry out its policy of avoiding further interruption of the litigation of removed causes, properly begun in state courts, see *Rice, supra,* at 751–752, Congress decided to place final responsibility for implementation of its removal scheme with the district courts. It is not for this Court to strike that balance anew.

Congress has demonstrated its ability to protect against judicial abuses of removal rights when it thought it necessary to do so. See *Georgia* v. *Rachel,* 384 U. S. 780 (1966); *City of Greenwood* v. *Peacock,* 384 U. S. 808 (1966). And it is apparent that the judiciary is not without the means of dealing with such errors as pose some danger of repetition.* Rather than leaving future repetition of cases such as this to Congress, the Court sets out to right a perceived wrong in this individual case. In the process of doing so it reopens an avenue for dilatory litigation which Congress had explicitly closed. Because I am convinced that both the Court of Appeals and this Court are without jurisdiction to consider the merits of petitioners' claims, I would affirm the judgment below.

---

*The panel of the Court of Appeals below indicated its intention to report respondent's actions "to the Circuit Council for the Sixth Circuit, which has supervisory powers over the District Court."