L.E. HUGHES, et al.

v.

ROLLINS ENVIRONMENTAL SERVICES, INC.

Jeffrey M. MEERS, et al.

v.

ROLLINS ENVIRONMENTAL SERVICES, INC.

Gerald I. HEBERT, et al.

v.

ROLLINS ENVIRONMENTAL SERVICES, INC.

Lawrence J. THOMPSON, et al.

v.

ROLLINS ENVIRONMENTAL SERVICES, INC.

Robert J. MEERS, et al.

v.

ROLLINS ENVIRONMENTAL SERVICES, INC.

Isaac SMITH, et al.

v.

ROLLINS ENVIRONMENTAL SERVICES, INC.

Cyril HINDS, et al.

v.

ROLLINS ENVIRONMENTAL SERVICES, INC.

CLEAN LAND AIR WATER CORPORATION OF LOUISIANA, et al.

v.

ROLLINS ENVIRONMENTAL SERVICES, INC.

Civ. A. Nos. 82–1115–A to 82–1119–A, 82–1121–A, 82–1122–A and 83–0001–A.

United States District Court, M.D. Louisiana.

Feb. 4, 1983.

Lemuel Hawsey, III, Baton Rouge, La., for L.E. Hughes, Gerald I. Hebert, Lawrence J. Thompson, Robert J. Meers, Isaac Smith, Cyril Hinds and CLAW.

Wallace Hunter, Baton Rouge, La., for defendant.

F. Barry Marionneaux, Plaquemine, La., for intervenors.

JOHN V. PARKER, Chief Judge.

Like the proverbial bad penny, this dispute (originally transferred from the Eastern District of Texas) continues to turn up, despite the court's best efforts to rid itself of it, as instructed by the Court of Appeals.

The dispute arises out of the sale by Clean Land Air Water Corporation (CLAW) to Rollins Environmental Services, Inc. of Louisiana, a subsidiary of the defendant, of a waste injection well located in the Parish of Iberville, Louisiana. The litigation was originally instituted by a party who is no longer involved, Waste Systems, Inc., and the remaining issues all relate to cross claims between CLAW and the defendant Rollins or its Louisiana subsidiary. The Court of Appeals has held, *Waste Systems, Inc. v. CLAW*, 683 F.2d 927 (5th Cir.1982), that when the diverse plaintiff was dismissed from the action, the federal courts lost jurisdiction to adjudicate the claims between the Louisiana CLAW claimants and the Rollins Louisiana subsidiary. Rollins and its Louisiana subsidiary had, as authorized by the order of the Eastern District of Texas, deposited a letter of credit in the registry of the court. This court on November 22, 1982 issued its order directing the remaining parties to petition the 18th Judicial District Court for the Parish of Iberville for authority to receive those assets into the registry of that court from this court. The CLAW claimants have appealed that decision which is now pending before the Fifth Circuit.

As noted earlier, CLAW was the seller of the waste facility and it received, as part of the purchase price, a series of promissory notes. Subsequently, CLAW has been placed in liquidation in state court and Gerald I. Hebert is its liquidator. Apparently, the corporation has passed through these notes to its individual shareholders and L.E. Hughes, et al are now claiming to be the holders of the notes.

These eight cases were instituted by the alleged holders of each of the notes in the 19th Judicial District Court for the Parish of East Baton Rouge against Rollins Environmental Services, Inc., a Delaware corporation. The notes were made by the Louisiana subsidiary of Rollins and are endorsed or guaranteed by Rollins, of Delaware. These actions seek to enforce the guaranty of the notes.

In the meantime, CLAW has instituted an action against Rollins of Delaware and its Louisiana subsidiary in the 18th Judicial District Court for the Parish of Iberville and the Rollins defendants have reconvened.

The plaintiff in each of these actions is a Louisiana resident and the defendant, Rol-

lins, is a Delaware corporation, having its principal place of business in a place other than Louisiana. Accordingly, there is diversity jurisdiction between plaintiff and defendant in each of these cases and the defendant, Rollins, has removed each of them to this court from the 19th Judicial District Court.

Rollins has now moved for summary judgment, to dismiss, or in the alternative for a stay of proceedings in each of these cases pending the outcome of the state court proceedings in the Parish of Iberville. Plaintiffs in each of the eight consolidated cases have also moved for summary judgment. We do not consider whether the maker of these notes, Rollins of Louisiana, is an indispensable party under Rule 19. Neither do we consider the merits of the motions for summary judgment or the motion to dismiss. We turn instead to the motion for the stay of proceedings.

In *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674 (5th Cir.1973), the court reviewed the factors which a federal district court ought to consider in determining whether to stay a suit pending resolution in state court where the same parties are litigating the same issues. Under the teachings of that case, this court should evaluate the following matters:

1) Does the state action provide an adequate vehicle for adjudicating the claims of all the parties?

2) Does the federal action serve some purpose beyond mere duplication of effort?

3) Can the questions in controversy better be settled in the state court than the federal court?

4) Can the claims of all parties and interests be adequately adjudicated in the state proceedings?

5) Have all necessary parties been joined in the state court action?

6) Are all necessary parties amenable to process in the state court proceedings?

7) A review of these factors clearly establishes, as the Court of Appeals has previously noted, that the issues in this case are "most appropriate for resolution for a Louisiana state court judge" 683 F.2d 927, 931.

This federal action serves only to duplicate the efforts of the state court since that court has all the parties and all the issues pending before it. In considering the issues before it, that court must necessarily decide whether Rollins of Louisiana is liable on the notes and whether Rollins of Delaware is liable on its guarantee and it must consider all of the defenses presented by Rollins in making that determination. Only part of the matter is presented to this court. The state court, on the other hand, has all the parties and all the issues before it which will make final resolution of all aspects of this long standing dispute possible. Moreover, the law applicable to this case is strictly Louisiana law which can best be construed by a Louisiana court and there are no questions of federal law which would make this court the preferable forum.

Plaintiffs, seeking to avoid the stay, as well as summary judgment and dismissal, argue that the case was properly removed and that the court has a duty to decide any case which is properly within its jurisdiction. In support of that argument, they cite *Thermtron Products v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), where the Supreme Court held that a case properly removed could not be remanded *sua sponte* by a district court. That is certainly a sound ruling but the case is not authority for the proposition advanced. The issuance of a stay of proceedings does not equate to remand *sua sponte.*

Plaintiffs, in their opposition to the defendant's motions, present a copy of a stay order rendered by Judge Claiborne in the state court proceedings on December 28, 1982, staying those proceedings pending resolution of CLAW's appeal to the Fifth Circuit of the previously mentioned order of this court requiring the parties to petition the court to accept the assets which had been deposited in the registry of this court. Plaintiffs infer that because of the state court stay of proceedings no forum, other than the federal one, is available and that consequently the stay requested by Rollins

should be denied. The stay issued by the state court is obviously designed merely to insure an orderly handling of the proceedings and it will expire upon a resolution of that appeal. The court also notes that, if there is delay because of the appeal, the delay is directly attributable to CLAW because it is CLAW which took the appeal.

This case is peculiarly suited to disposition by the state court and since there is presently pending an action in state court involving all of the necessary parties in which all of the issues have been joined, it is appropriate, that these proceedings be stayed. Defendant's motion is hereby GRANTED and each of these matters is hereby STAYED. The motions for summary judgment filed on behalf of plaintiffs are hereby DENIED, without prejudice.