**Nancy FRENCH and William French, Plaintiffs,**

v.

**PEOPLE EXPRESS AIRLINES, INC. and Continental Airlines, Inc., Defendants.**

**No. 87 Civ. 2756 (RWS).**

United States District Court, S.D. New York.

Oct. 9, 1987.

SWEET, District Judge.

Plaintiffs Nancy and William French (the "Frenchs") have moved pursuant to 28 U.S.C. § 1447(c) for an order remanding this case to the Supreme Court of the State of New York on the grounds that it has been improperly removed. Defendants People Express Airlines ("People Express") and Continental Airlines ("Continental"), who filed the petition that removed the case, have opposed the application. For the reasons set forth below, the motion is denied.

The parties agree that this action, a tort claim for an accident that allegedly occurred on a flight from New Jersey to England, arises under a Treaty of the United States, the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat., Part II, p. 3000 (the "Warsaw Convention"). The parties also agree that the state and federal courts have concurrent jurisdiction over the matter.

28 U.S.C. § 1331 provides that:

The District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

As this case arises under the Warsaw Convention, this court has original jurisdiction, and the case is properly removable under to 28 U.S.C. § 1441(b):

Any civil action of which the District Courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

It is the Frenchs' theory that because there is concurrent jurisdiction between the federal and state courts, removal of this case is "improper and unnecessary." Far from making removal "improper," concurrent jurisdiction over an action is necessary to a removal from federal to state court, because if there is no jurisdiction in the state court, then there is none when the action is removed to federal court. "[J]urisdiction of the federal court on removal is ... a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court, it would have had jurisdiction." *Minnesota v. United States*, 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939).

As to whether removal was necessary, I am confident that the state court would properly discharge its duty to apply federal law faithfully in accordance with its oath. That, however, does not speak to this court's power to remand actions, which is set forth at 28 U.S.C. § 1447(c):

If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case....

Here, as in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 344–45, 96 S.Ct. 584, 590, 46 L.Ed.2d 542 (1976), "Neither the propriety of the removal nor the jurisdiction of the [federal] court" has been challenged "in the slightest." Consequently, the court has no power under § 1447(c) to remand the case, *id.*, and the motion to remand is denied.

IT IS SO ORDERED.