**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PAMELA ANNE R. HANKS,
Plaintiff-Appellant,

v.

No. 99-2011

FRANCES ELLEDGE COAN; JOHN COAN,
III,
Defendants-Appellees.

FRANCES ELLEDGE COAN, individually
and as Trustee for the Frances E.
Coan Trust,
Plaintiff-Appellee,

v.

PAMELA ANNE R. HANKS,

No. 99-2012

Defendant-Appellant,

FRANK OKCETIN; DANIEL CRAWFORD;
THE PHOENIX COMPANY; CHRIS
MEINBERG; SUZANNA TORRES; JOHN
OTTS COAN, JR.,
Movants.

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CA-99-119-1, CA-99-120-1)

Submitted: June 20, 2000

Decided: July 20, 2000

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Pamela Anne R. Hanks, Appellant Pro Se. David Coventry Smith, KILPATRICK STOCKTON, L.L.P., Winston-Salem, North Carolina; Harry Lee Davis, Jr., DAVIS & HAMRICK, L.L.P., Winston-Salem, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In January of 1999, Frances Coan filed a complaint and motion for preliminary injunction against Pamela Hanks in North Carolina state court. Alleging diversity of citizenship, Hanks removed the matter to the district court for the Middle District of North Carolina. Coan subsequently filed a motion to remand the matter due to a lack of diversity between the parties. Following a hearing on the diversity issue, the district court granted the motion to remand on June 9, 1999.

Hanks appeals the district court's order remanding her case to North Carolina state court based upon lack of subject matter jurisdiction (No. 99-2012). We do not have jurisdiction to review the remand order. See 28 U.S.C. 1447(d) (1994); Thermtron Prods. Inc. v. Hermansdorfer, 423 U.S. 336, 346 (1976). Accordingly, we dismiss the appeal in No. 99-2012 for lack of jurisdiction.

On February 16, 1999, Hanks filed a complaint in the district court against Frances Coan and John Coan, III, again asserting diversity as the basis for federal jurisdiction. The district court dismissed the complaint for lack of subject matter jurisdiction on August 17, 1999.

2

Hanks' July 9, 1999, notice of appeal filed in <u>Coan v. Hanks</u>, No. 99-2012, was also docketed in <u>Hanks v. Coan</u>, No. CA-99-119-1 (M.D.N.C.), giving rise to No. 99-2011. Because the notice of appeal filed in connection with <u>Hanks v. Coan</u> refers to the district court's order remanding <u>Coan v. Hanks</u> to North Carolina state court, and because the district court entered no appealable order in this action prior to Hanks' notice of appeal, we dismiss Hanks' appeal in No. 99-2011. <u>See</u> Fed. R. App. P. 3(c)(1)(B).

Finally, we deny Hanks' motions for appointment of counsel and production of a transcript at government expense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>