**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NANCY D. JONAS,
<u>Plaintiff-Appellant,</u>

v.

UNISUN INSURANCE COMPANY; ORION

No. 00-1217

AUTO INCORPORATED; SVALINA,
RICHARDSON & LARSON; ALEXANDER
T. VIHIL,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CA-99-3869-9-8AJ)

Submitted: May 10, 2000

Decided: September 20, 2000

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Nancy D. Jonas, Appellant Pro Se. Ernest Mitchell Griffith, GRIF-
FITH & SADLER, Beaufort, South Carolina; David Jay Parrish,
NEXSEN, PRUET, JACOBS, POLLARD & ROBINSON, Charles-
ton, South Carolina; Jonathan Brent Kiker, KIKER & DOUDS, P.A.,
Beaufort, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Nancy D. Jonas appeals the magistrate judge's order remanding a civil case that Jonas, as the plaintiff, improperly removed from a South Carolina state court. Jonas also appeals the district court's order overruling her subsequent objections to the magistrate judge's order. Finding no reversible error, we affirm.

Although this court has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review), we grant the Defendants' motion to dismiss as we find that the order is not reviewable. See 28 U.S.C. § 1447(d) (1994); Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 342 (1976) (holding limited on other grounds, Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-15 (1996)); Kolibash v. Committee on Legal Ethics, 872 F.2d 571, 573 (4th Cir. 1989). The Supreme Court specifically stated that § 1447(d) "prohibits review of all remand orders issued pursuant to § 1447(c) whether erroneous or not." Thermtron Prods., 423 U.S. at 342; see also In re Lowe, 102 F.3d 731, 734 (4th Cir. 1996) (holding that once an order of remand is entered, the federal courts no longer have jurisdiction over the case).

Accordingly, we grant the Defendants' motion to dismiss for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED