# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2498

_____

Sharon R. Whittley;     *
Tracy Annette Whittley,     *
    *
         Appellees,     *
    *   Appeal from the United States
      v.     *   District Court for the
    *   Eastern District of Missouri.
Burlington Northern and Santa Fe     *
Railroad Company; Charles S. Nitsch,     *
    *
         Appellants.     *

_____

Submitted: January 10, 2005
Filed: February 1, 2005

_____

Before WOLLMAN, FAGG, and BYE, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Burlington Northern and Santa Fe Railway Co. (BNSF) appeals the district court's[1] grant of Sharon R. Whittley and Tracy Annette Whittley's (the Whittleys) motion to remand to state court based on a lack of subject matter jurisdiction. BNSF argues that the district court should have found fraudulent joinder and that it improperly failed to consider the affidavits that BNSF submitted to prove that

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

defendant Charles S. Nitsch, a citizen of Missouri, was improperly joined. We conclude that we do not have jurisdiction to consider the appeal.

The Whittleys, Missouri citizens, sued BNSF and Nitsch in Missouri state court for the wrongful death of Jesse Whittley, Jr., resulting from a collision at a grade crossing in rural Missouri. BNSF removed the case to federal district court. The Whittleys moved to remand, claiming that there was not complete diversity and therefore no subject matter jurisdiction. BNSF filed affidavits that it claims establish that Nitsch was improperly joined because he was not the train master responsible for the operation of trains on the relevant section of track at the time of the accident and therefore could not be a responsible party. The district court declined to consider the affidavits, found that Nitsch had not been fraudulently joined, concluded that complete diversity therefore did not exist, and granted the motion to remand for lack of jurisdiction.

We may not review a district court's decision to remand to state court for lack of subject matter jurisdiction, even if erroneous. 28 U.S.C. § 1447(d); see also Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003); Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 623 (8th Cir. 1997). An appellate court may review a district court's decision to remand only if (1) the case is a statutorily excepted civil rights case, 28 U.S.C. § 1447(d), or (2) the decision to remand is based on grounds other than subject matter jurisdiction or defects in removal procedure. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996) (finding that an abstention-based remand order is appealable because "only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." (internal quotation omitted)); Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 343-45 (1976) (finding that the district court remanded principally because it had a crowded docket, a ground not authorized by § 1447(c) and that its order was therefore appealable). Although we may independently review the record for the limited purpose of determining "the actual ground or basis upon which the district

court considered it was empowered to remand," see Transit Cas. Co., 119 F.3d at 624, we need not do so in this case because it is undisputed that the district court remanded the case because it believed that it lacked subject matter jurisdiction.  We therefore dismiss the appeal for lack of jurisdiction.

_____