Justice Scalia,
concurring.
The Court today does nothing more than accurately apply to the facts of this case our holding in Thermtron Products, Inc. v. Hermansdorfer, 423 U. S. 336 (1976). Ante, at 638-641.* As the Court notes, neither party has asked us to reconsider Thermtron, and we thus have no occasion to revisit that decision here, see ante, at 638, n.
I write separately, though, to note that our decision in Thermtron was questionable in its day and is ripe for reconsideration in the appropriate case. Title 28 U. S. C. § 1447(d) states that “[a]n order remanding a case to the State court *643 from which it was removed is not reviewable on appeal or otherwise.” The statute provides a single exception — not remotely implicated in this case — for certain civil rights cases removed under § 1443. See § 1447(d). As then-justice Rehnquist understatingly observed in his Thermtron dissent, it would not be “unreasonably] [to] believ[e] that 28 U. S. C. § 1447(d) means what it says,” 423 U. S., at 354; and what it says is no appellate review of remand orders. See also Osborn v. Haley, 549 U. S. 225, 263 (2007) (Scalia, J., dissenting). Since the District Court’s order in this case “remand[edj a case to the State court from which it was removed,” it should be — in the words of § 1447(d) — “not reviewable on appeal or otherwise.” Q. E. D.
Over the years, the Court has replaced the statute’s clear bar on appellate review with a hodgepodge of jurisdictional rules that have no evident basis even in common sense. Under our decisions, there is no appellate jurisdiction to review remands for lack of subject-matter jurisdiction, see Powerex Corp. v. Reliant Energy Services, Inc., 551 U. S. 224, 232 (2007), though with exception, see Osborn v. Haley, supra, at 243-244; there is jurisdiction to review remands of supplemental state-law claims, and other remands based on abstention, see Quackenbush v. Allstate Ins. Co., 517 U. S. 706, 711-712 (1996), though presumably no jurisdiction to review remands based on the “defects” referenced in § 1447(c). See also post, at 644-645 (Breyer, J., concurring) (discussing similar anomalies). If this muddle represents a welcome departure from the literal text, see ante, at 642 (Stevens, J., concurring), the world is mad.
This mess — entirely of our own making — does not in my view require expert reexamination of this area of the law, see post, at 645 (Breyer, J., concurring). It requires only the reconsideration of our decision in Thermtron — and a welcome return to the Court’s focus on congressionally enacted text.
*644 Justice Breyer, with whom Justice Souter joins, concurring.
I join the Court’s opinion. I write separately to note an anomaly about the way 28 U. S. C. § 1447 works. In this case, we consider a District Court’s decision not to retain on its docket a case that once contained federal-law issues but now contains only state-law issues. All agree that the law grants the District Court broad discretion to determine whether it should keep such cases on its docket, that a decision to do so (or not to do so) rarely involves major legal questions, and that (even if wrong) a district court decision of this kind will not often have major adverse consequences. We now hold that § 1447 permits appellate courts to review a district court decision of this kind, even if only for abuse of discretion.
Contrast today’s decision with our decision two Terms ago in Powerex Corp. v. Reliant Energy Services, Inc., 551 U. S. 224 (2007). In that case, we considered a District Court’s decision to remand a case in which a Canadian province-owned power company had sought removal — a matter that the Foreign Sovereign Immunities Act of 1976 specifically authorizes federal judges (in certain instances) to decide. See §§ 1441(d); 1603(a). The case presented a difficult legal question involving the commercial activities of a foreign sovereign; and the District Court’s decision (if wrong) had potentially serious adverse consequences, namely, preventing a sovereign power from obtaining the federal trial to which the law (in its view) entitled it. We nonetheless held that §1447 forbids appellate courts from reviewing a district court decision of this kind. Id., at 238-239.
Thus, we have held that § 1447 permits review of a district court decision in an instance where that decision is unlikely to be wrong and where a wrong decision is unlikely to work serious harm. And we have held that § 1447 forbids review of a district court decision in an instance where that decision *645 may well be wrong and where a wrong decision could work considerable harm. Unless the circumstances I describe are unusual, something is wrong. And the fact that we have read other exceptions in the statute’s absolute-sounding language suggests that such circumstances are not all that unusual. See Osborn v. Haley, 549 U. S. 225, 240-244 (2007); Thermtron Products, Inc. v. Hermansdorfer, 428 U. S. 336, 350-352 (1976).
Consequently, while joining the majority, I suggest that experts in this area of the law reexamine the matter with an eye toward determining whether statutory revision is appropriate.

Contrary to Justice Breyer’s suggestion, this ease does not involve reading another “exceptio[n]” into 28 U. S. C. §1447(d)’s language. See post, at 645 (concurring opinion). Not, that is, if you think Thermtron was rightly decided. Unlike Osborn v. Haley, 549 U. S. 225 (2007), this case simply involves applying Thermtron’s in pari materia reading of § 1447(d) to the facts of this case.