**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-2238**

---

IRONGATE MUTUAL HOMES, INC., trading as Pear Tree Park Townhomes,

      Plaintiff - Appellee,

   v.

SHERRI RICHARDSON,

      Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Elizabeth W. Hanes, District Judge.  (4:24-cv-00070-EWH-RJK-1)

---

Submitted:  May 15, 2025                  Decided:  May 19, 2025

---

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Sherri Richardson, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherri Richardson seeks to appeal the district court's order granting the motion to remand filed by Irongate Mutual Homes, Inc. ("Irongate"), and remanding Irongate's suit to Virginia state court. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). But § 1447(d)'s prohibition is limited to remand orders based on a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346-52 (1976), *overruled on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). "We . . . look to the substantive reasoning behind the order to determine whether it was issued based upon the district court's perception that it lacked subject matter jurisdiction." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006).

Here, the district court remanded Irongate's suit based on its determination that it lacked subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332. And Richardson's counterclaims, raising various claims under federal law, cannot serve as grounds for removal. *See Old Dominion Elec. Coop. v. PJM Interconnection, LLC*, 24 F.4th 271, 279 (4th Cir. 2022). Accordingly, § 1447(d) prohibits review of the district court's order, so we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because

2

the facts and legal contentions are adequately presented in the materials before this court

and argument would not aid the decisional process.

*DISMISSED*