989 F.2d 508
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 STATE of OKLAHOMA, ex rel., Cathy J. WEATHERFORD, Insurance
Commissioner as Receiver for American Standard
Life and Accident Insurance Company,
Plaintiff-Appellee,
v.
The GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Defendant-Appellant.
The GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Petitioner,
v.
Honorable Wayne E. ALLEY, United States District Judge for
the Western District of Oklahoma, Respondent.
 Nos. 92-6345, 92-6361.
 United States Court of Appeals, Tenth Circuit.
 March 26, 1993.
 
 Before McKAY, Chief Judge, and LOGAN and ANDERSON, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the papers and pleadings submitted by the parties, this panel has determined unanimously that oral argument would not materially assist the determination of these cases. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The matters are therefore ordered submitted without oral argument.
 
 
 2
 These are an appeal and original proceeding, respectively. Defendant-appellant/petitioner (Guardian Life Insurance Company) seeks review of an order of the district court remanding an ancillary proceeding to the state receivership court from which it had been removed. In his order, the district court plainly indicated that the remand was required on abstention grounds, following this court's decision in Grimes v. Crown Life Ins. Co., 857 F.2d 699 (10th Cir.1988), cert. denied, 489 U.S. 1096 (1989).
 
 
 3
 Review of remand orders proceeds differently depending on the reasons for the remand. If the district court remands for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c), the order is not reviewable by appeal or otherwise. 28 U.S.C. § 1447(d). However, if the remand is based on other than § 1447(c) grounds, review is not barred by § 1447(d). Westinghouse Credit Corp. v. Thompson, --- F.2d ----, No. 92-6242, slip. op. at 4 (Mar. 8, 1993). Here, the district court's order of remand, on abstention grounds, was discretionary. Consequently, review may be obtained in this court's original jurisdiction. See Corcoran v. Ardra Ins. Co., 842 F.2d 31, 36 (2d Cir.1988).
 
 
 4
 To obtain relief in the court's original jurisdiction, petitioner must show that the respondent clearly abused his discretion. Mandamus and prohibition are drastic remedies which may be invoked only in extraordinary situations. Further, parties seeking mandamus or prohibition relief must demonstrate a clear abuse of discretion amounting to a usurpation of judicial power and a clear and indisputable right to relief. Albertson's, Inc. v. Carrigan, 982 F.2d 1478, 1480 (10th Cir.1993), citing Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989).
 
 
 5
 In this case, the district court's faithful adherence to controlling precedent falls far short of the required threshold. Consequently, petitioner has failed to show that it is entitled to the relief sought in the court's original jurisdiction.
 
 
 6
 With respect to the appeal, case No. 92-6345, we conclude that this court lacks appellate jurisdiction. An order remanding a removed action is not a final judgment reviewable by appeal. Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 352-53 (1976).
 
 Accordingly, it is ordered as follows:
 
 7
 1. The petition for writ of mandamus, case No. 92-6361, is DENIED, and
 
 
 8
 2. The appeal, case No. 92-6345, is DISMISSED for lack of appellate jurisdiction.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3