UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

—————————

Nos. 94-2067(L)
(CA-94-882-S)

—————————

Donald C. McGean,

                                        Plaintiff - Appellant,

        versus

Montgomery County, Maryland, etc., et al,

                                        Defendants - Appellees.

—————————

O R D E R

—————————

    The Court amends its opinion filed June 5, 1996, as follows:

    On the cover sheet, section 2 -- the Institute for Behavior
and Health should be shown as "<u>Defendant</u>," not Defendant-Appellee.

                                For the Court - By Direction

                                /s/ Bert M. Montague
                          ————————————————————
                                     Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DONALD C. MCGEAN,
Plaintiff-Appellant,

v.

MONTGOMERY COUNTY, MARYLAND, a
Governmental Instrumentality;
UNITED FOOD AND COMMERCIAL
WORKERS UNION, MCGEO LOCAL
400, AFL-CIO, a Labor
Organization; PETE HOLT, Director
Department of Addiction; Victim
and Mental Health; PETER F.                    No. 94-2067
LUONGO, Director, Division of Audit
Addictions; RONALD RIVLIN,
Program Manager; MAURO RAMOS,
Therapist III,
Defendants-Appellees,

and

INSTITUTE FOR BEHAVIOR AND HEALTH,
INCORPORATED, a Maryland
Corporation,
Defendant.

DONALD C. MCGEAN,
Plaintiff-Appellant,

v.

MONTGOMERY COUNTY, MARYLAND, a
Governmental Instrumentality;
UNITED FOOD AND COMMERCIAL
WORKERS UNION, LOCAL 400,
AFL-CIO, a Labor Organization;
PETE HOLT, Director Department of

Addiction, Victim and Mental
Health; PETER F. LUONGO, Director,
Division of Audit Addictions;
RONALD RIVLIN, Program Manager;
MAURO RAMOS, Therapist III,
INSTITUTE FOR BEHAVIOR AND HEALTH,
INCORPORATED, a Maryland
Corporation,
Defendants-Appellees.

No. 94-2194

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-94-882-S)

Submitted: April 30, 1996

Decided: June 5, 1996

Before WIDENER and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

No. 94-2067 affirmed in part, dismissed in part, and No. 94-2194
denied by unpublished per curiam opinion.

_____

2

**COUNSEL**

Donald C. McGean, Appellant Pro Se. Edward Barry Lattner, COUNTY ATTORNEY'S OFFICE, Rockville, Maryland; Aaron Martin Nisenson, SWERDLING, PAUL, LEIBIG, KAHN, THOMPSON & WOLLY, P.C., Washington, D.C.; Jeffrey David Goldstein, STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL, GREENFEIG & METRO, P.A., Rockville, Maryland; Jerry Pixley Roscoe, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Donald C. McGean seeks to appeal two orders of the district court in this case. McGean's action, originally filed in state court, was removed to federal court on motion of defendants. In No. 94-2067, McGean seeks to appeal the district court's order dismissing Montgomery County Government Employees' Organization/Local 400, UFCW, AFL-CIO (MCGEO) as a party and denying McGean's motion for a preliminary injunction. In No. 94-2194, McGean seeks to appeal the district court's order dismissing the remaining federal claims and remanding the case to state court, and its order denying his Fed. R. Civ. P. 60(b) motion for reconsideration.

No. 94-2067: The denial of a motion for preliminary injunction is reviewable under 28 U.S.C. § 1292(a)(1) (1988). We review a district court's denial of a preliminary injunction for abuse of discretion. Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991). Entitlement to such relief is determined by considering four factors: (1) plaintiff's likelihood of irreparable injury if the injunction is denied; (2) likelihood of harm to defendants if the injunction is granted; (3) plaintiff's likelihood of success on the mer-

3

its; and (4) the public interest. <u>Blackwelder Furniture Co. v. Seilig Mfg. Co.</u>, 550 F.2d 189, 195-96 (4th Cir. 1977).

Harm is not considered irreparable if it can be compensated by money damages during the normal course of litigation. <u>Hughes Network Sys., Inc. v. Interdigital Communications Corp.</u>, 17 F.3d 691, 694 (4th Cir. 1994). A plaintiff's failure to show the likelihood of actual, imminent, irreparable harm is sufficient basis to deny a motion for preliminary injunction. <u>Direx</u>, 952 F.2d at 812. Here, McGean complains of sanctions imposed on him for his failure to recognize a fellow employee as his supervisor. He has faced pay reduction, suspension without pay and dismissal. This type of harm is redressable in the normal course of litigation; McGean has not borne his burden of showing irreparable injury. We conclude that the district court did not abuse its discretion in denying preliminary relief, and affirm this aspect of the district court's order.

As to the remainder of the district court's order dismissing MCGEO, we conclude that it is interlocutory and not subject to review. This order is neither final, 28 U.S.C. § 1291 (1988), nor dispositive of the litigation on the merits. <u>Firestone Tire & Rubber Co. v. Risjord</u>, 449 U.S. 368, 373 (1981). The district court did not direct entry of judgment pursuant to Fed. R. Civ. P. 54(b). The collateral order exception, <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 U.S. 541, 546 (1949), is inapplicable.

Where the district court subsequently dismisses the remainder of a case before an interlocutory order is considered on appeal, we may apply the doctrine of cumulative finality to review the interlocutory order. <u>Equipment Fin. Group, Inc. v. Traverse Computer Brokers</u>, 973 F.2d 345, 347-48 (4th Cir. 1992). Here, however, as discussed below, the remand order was not a final entry of judgment and we must dismiss the appeal as interlocutory.

<u>No. 94-2194:</u> The district court dismissed all of McGean's federal claims and remanded the state claim to state court. McGean noted this appeal. Under 28 U.S.C. § 1447(d) (1988), an order remanding a case to state court is not appealable except in one instance, not applicable here. But § 1447(d) applies only to remand orders based on the grounds set forth in 28 U.S.C. § 1447(c): defect in removal procedure

4

or lack of subject matter jurisdiction. Jamison v. Wiley, 14 F.3d 222, 231 (4th Cir. 1994). In this case the district court found the federal claims to be without merit and, exercising its discretion, declined to decide the state claim under its supplemental jurisdiction, 28 U.S.C. § 1367(c)(3) (1988); see Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988). Such a remand order is not one of those enumerated in § 1447(c), for which review is barred in§ 1447(d). In re Surinam Airways Holding Co., 974 F.2d 1255, 1257 (4th Cir. 1992).

But the order of remand is not final, and is reviewable only by mandamus. Mangold v. Analytic Servs., Inc., ___ F.3d ___, No. 94-1307 (4th Cir. Mar. 12, 1996); see Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 351 (1976). While McGean has not petitioned this Court for mandamus, his notice of appeal can be treated as a petition for mandamus. Mangold, slip op. at 19; Jamison, 14 F.3d at 234.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States Dist. Court for N. Dist., 426 U.S. 394, 402 (1976). A petitioner bears the heavy burden of showing that he has no other means of obtaining relief and that his right to such relief is clear and indisputable. In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988). In this case, McGean does not successfully bear that burden. The district court reviewed his federal claims and rejected them as without merit, and our review of the materials before us does not conflict with that decision.

Therefore, we deny McGean's petition for mandamus relief. His Motion to Stay Appellate Proceedings is denied as moot. We deny his Emergency Motion to retrieve the record from state court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 94-2067 - AFFIRMED IN PART, DISMISSED IN PART

No. 94-2194 - DENIED

5