NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0197n.06
Filed: March 24, 2006

Case Nos. 04-2512, 04-2558

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SHR LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Plaintiff-Appellant/Cross-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| BEVERLY A. CURTISS, et al., | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SWEPI LP, FORMERLY KNOWN AS SHELL | ) | |
| WESTERN E&P, INC., A DELAWARE LIMITED | ) | |
| PARTNERSHIP, | ) | |
| | ) | |
| Defendant-Appellee/Cross-Appellant. | ) | |
| | ) | |

BEFORE:  BOGGS, Chief Judge and BATCHELDER, Circuit Judges; WEBER[*], District Judge.

ALICE M. BATCHELDER, Circuit Judge.  Appellant SHR Limited Partnership ("SHR")

appeals the district court's order granting summary judgment to Appellee SWEPI LP ("SWEPI")

and dismissing this case on the ground that *res judicata* bars SHR's claims.  Finding no error, we

AFFIRM the district court's grant of summary judgment to SWEPI.

SWEPI, in turn, appeals the district court's decision to remand the claims of individually

_____

[*]The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

1

named plaintiffs to state court based on lack of subject matter jurisdiction. Because 28 U.S.C. § 1447(d) bars appellate review of remand orders based on lack of subject matter jurisdiction, we dismiss SWEPI's cross-appeal.

## Background

The predecessors of SHR and SWEPI entered into a lease agreement in 1968 for mineral rights on several thousand acres of land in Michigan. In the early 1980s, SHR's predecessors sued Shell in an attempt to recover production costs, post-production costs and certain taxes and fees deducted from royalties that Shell paid to SHR under the agreement. There were two suits: *North Michigan Land & Oil Corp. v. Shell Oil Co.*, No. 80-004-292 (Crawford Co., Mich. 1983) and *Brown v. Shell*, No. 81-8858-CK (Grand Traverse Co., Mich. 1981). In *North Michigan*, the court held that Shell was entitled to deduct from royalties a portion of the costs associated with preparing SHR's oil and gas for market. In *Brown*, the parties entered into a consent judgment on all issues except for the deduction from royalties of a particular State of Michigan tax. The consent judgment established a formula for calculating royalties and required Shell to incorporate into then-existing leases the judgment's financial terms on royalties. The consent judgment did not speak to the deduction of post-production costs, but the court later held that Shell's deduction of a portion of the Michigan tax from royalties was not prohibited by the judgment.

Shell assigned its rights and obligations in the leases, including the consent judgment obligations, to SWEPI in a confidential agreement in 1983 and in a Confidential Letter, dated January 4, 1984. Shell, and then SWEPI, continued to deduct a portion of post-production costs from royalties paid to SHR. In response, SHR brought two more suits. The first alleged that SWEPI had violated the *Brown* consent judgment by deducting a State of Michigan fee from royalties. *See*

2

*Hilliard v. Shell Western E&P, Inc.*, 149 F.3d 1183, 1998 WL 322658 (6th Cir. 1998). We held that

the suit was barred by *res judicata* because in *Brown* SHR had litigated and settled the matter of

royalty calculations. *Id*. at *3. The second was an unsuccessful suit in 1998 to enforce the consent

judgment. *Brown v. Shell*, #81-8858-CK (Grand Traverse Circuit Court, 1998). Additional state

suits followed. As noted by the district court, "[t]he current case marks the sixth time that SHR has

sued a Shell entity to challenge the royalties calculation." JA 252.

SHR's latest effort is a five-count complaint, the prevailing theme of which is – once again

– the calculation of royalties. The five claims are: (1) that SHR is entitled to declaratory judgment

that SWEPI assumed Shell's obligations under the *Brown* consent judgment; (2) that SWEPI

breached the parties' contract by deducting various costs from its royalty payments, including costs

of compression; (3) that SWEPI breached the parties' contract by failing to inform third-party

assignees of the proper method of calculating royalties; (4) that SWEPI breached the parties'

contract by agreeing with MichCon to amend SWEPI's contracts with third-party assignees to

restrict the sale of Antrim gas, causing improper calculation of royalties; and (5) that SWEPI

breached the parties' contract by deducting post-production costs from royalty payments.

## Analysis

### A.    *Res judicata*

The application of *res judicata* is a question of law that we review *de novo*. *In re Baker &*

*Getty Fin. Servs., Inc.*, 106 F.3d 1255, 1259 (6th Cir. 1997). Because this is a diversity action, we

must give to the state-court judgments the same preclusive effect they would be given under the law

of the state in which they were rendered. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S.

75, 81 (1984); 28 U.S.C. § 1738. In Michigan, *res judicata* applies when "(1) the first action was

3

decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Dart v. Dart*, 597 N.W.2d 82, 88 (Mich. 1999). For purposes of the third prong of the three-part test, parties are in privity if "the first litigant represents the same legal right that the later litigant is trying to assert." *Adair v. State of Michigan*, 680 N.W.2d 386, 396 (Mich. 2004). "If the relief sought by one plaintiff to remedy a challenged action is indistinguishable from that sought by another . . . the interests are identical." *Id.*

Michigan recognizes two scenarios within the second prong of the *res judicata* test: the "same transaction test" and the "same evidence test." *Adair*, 680 N.W.2d at 397. "The 'transactional' test provides that 'the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief.'" *Id.* (quoting *River Park, Inc. v. Highland Park*, 184 Ill. 2d 290, 307-09 (1998)). The "same evidence test" provides that "a second suit is barred 'if the evidence needed to sustain the second suit would have sustained the first, or if the same facts were essential to maintain both actions.'" *Id.* Finally, Michigan courts apply the doctrine of *res judicata* broadly. *Id.* at 396. They have barred "not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.*

We agree with the district court that SHR's claims are barred under Michigan law. SHR is in privity with relevant prior litigants, and its claims satisfy both the "same transaction" test and the "same evidence" test described in *Adair*. Although a number of prior SHR suits support our conclusion, we will focus on one: *SHR Ltd. v. Shell and SWEPI*, (Case No. 99-4952-CK, Crawford Co. Mich. 2000). Our analysis, however, requires us to look as well at our 1998 decision in *Hilliard,*

4

in which SHR was a member of a class of "landowners who contractually allowed defendant [SWEPI] to operate oil and gas wells on their land." 1998 WL 322658 at *1. The class alleged that SWEPI breached the parties' contract by deducting from royalties that it paid to the class members a "privilege fee" that consisted of a pro rata share of two Michigan taxes. *Id*. We held that SHR's claims were barred because a royalty payment is a single transaction or occurrence for purposes of *res judicata*. *Id*. at *2. Although prior suits had not addressed the royalty deduction in question, "[t]he plaintiffs already litigated Shell's contractual royalty-payment obligations once. They were required to include all other royalty-related claims about which they knew or should have known." *Id*. at *3. Furthermore, the prior litigants' failure to fully address the issue was "imputed to all class members." *Id*. As a result, the court found that SHR's claims were barred. *Id*. at *6.

In *SHR Ltd. v. Shell and SWEPI*, SHR again challenged various deductions from royalties, including compression costs and other costs named in count two of the instant complaint. The court noted that "SHR and SWEPI's predecessors in interest spent considerable time litigating the matter of post-production deductions from royalty payments in the early 1980s." *SHR Ltd. v. Shell and SWEPI*, (Case No. 99-4952-CK, Crawford Co. Mich. 2000) at 2. Referring to the *Hilliard* case, the court held that the "federal suit against SWEPI, and this current action, are an unjustified splitting of claims, and SWEPI is entitled to summary judgment on the basis of *res judicata.*" *Id*. at 2-3.

SHR argues that the state court's decision should not bar the claims in the case before us here because the court did not consider the January 4, 1984 Confidential Letter, which SHR contends was a "secret" agreement between Shell and SWEPI. This argument is meritless. SHR raised that agreement before the state court in a motion to amend its complaint. The court refused to permit the amendment, holding that it would be "futile" because the proposed counts "merely restate claims

5

that have already been alleged and ruled upon." J.A. 236. Because the state court's denial of the motion to amend is a disposition on the merits, SHR cannot again raise these claims in federal court.

The claims at issue in this case are substantially similar to those raised in *Hilliard* and *SHR Ltd.*, and held by the state court to be barred by *res judicata*. The state court's determination is binding on us. *See Migra*, 465 U.S. at 81. Furthermore, to the extent that the claims are not identical, SHR should have raised them in prior litigation.[1] It has had ample opportunity over twenty years to press its case before both state and federal courts; therefore, we agree with the district court that the claims are now barred by *res judicata*.

## B. *28 U.S.C. § 1447(d)*

SWEPI argues on cross-appeal that the district court erred by remanding the claims of individual plaintiffs to state court. The district court concluded, and we agree, that 28 U.S.C. § 1447(d) prevents reconsideration of its remand order. The statute provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding the case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

In *Quackenbush v. Allstate Insurance Co.*, the Supreme Court held that "only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." 517 U.S. 706, 712 (1996) (citing *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345-46 (1976)). Section 1447(c) provides, *inter alia*, that "[i]f at any time before final judgment it appears that the district

---

[1]As a matter of federal law, claim preclusion precludes both the relitigation of a claim previously litigated and the litigation of a claim or defense that should have been raised in a prior suit, but was not. *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). Four elements must be present in order to permit application of claim preclusion: (1) the prior decision must have been a final decision on the merits; (2) the parties in the present action are the same as or in privity with those in the prior action; (3) the claim in the present action should have been litigated in the prior action; and (4) an identity exists between the prior and present actions. *Id*. We find that those elements have been met here.

court lacks subject matter jurisdiction, the case shall be remanded." In other words, *Quackenbush* dictates that a remand for lack of subject matter jurisdiction is immune from review. 517 U.S. at 712.

Addressing the Supreme Court's *Quackenbush* holding, we held in *Davis v. International Union* that § 1447(d) precludes appellate review if the district court found that subject matter jurisdiction was lacking at time of removal and remanded the case on that basis. 392 F.3d 834, 837 (6th Cir. 2004). In contrast, we said, if the district court found that subject matter jurisdiction was lacking as a result of a circumstance arising *after* removal from state court, section 1447(d) does not preclude appellate review of the district court's remand order. *Id*.

Here, the district court remanded the individual plaintiffs' claims because it believed that at the time of their removal, the district court lacked subject matter jurisdiction. In light of § 1447(d), the Supreme Court's ruling in *Quackenbush*, and our ruling in *Davis*, we must dismiss SWEPI's appeal of the remand order.

## Conclusion

Accordingly, we **AFFIRM** the district court's order granting summary judgment to SWEPI and dismissing this action. We **DISMISS** the cross-appeal of the order of remand.