# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2572

_____

Alice Roberts; Kevin Hales; Christy    *
Millsap; Tim Millsap, Individually and    *
on behalf of all other natural persons    *
similarly situated,    *
   *
        Appellees,    *
   *
      v.    *    Appeal from the United States
   *    District Court for the
BJC Health System, doing business as    *    Eastern District of Missouri.
BJC Healthcare; Missouri Baptist    *
Medical Center; Sisters of Mercy    *
Health System; St. John's Mercy Health    *
System, doing business as St. John's    *
Mercy Medical Center; Reconstructive    *
and Microsurgery Associates, Inc.,    *
   *
        Appellants.    *

_____

Submitted: March 16, 2006
Filed: June 21, 2006

_____

Before WOLLMAN and RILEY, Circuit Judges, and ROSENBAUM,[1] District
     Judge.

_____

---

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District
Judge for the District of Minnesota, sitting by designation.

RILEY, Circuit Judge.

Alice Roberts, Kevin Hales, Christy Millsap, and Tim Millsap (collectively Appellees) filed a putative class action in Missouri state court against BJC Health System, doing business as BJC Healthcare; Missouri Baptist Medical Center; Sisters of Mercy Health System; St. John's Mercy Health System, doing business as St. John's Mercy Medical Center; and Reconstructive and Microsurgery Associates, Inc. (RMA) (collectively Appellants), alleging Appellants overcharged for certain medical procedures. Appellants removed the case to federal court based on federal question subject matter jurisdiction, claiming the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461, completely preempted Appellees' claims. The district court[2] remanded the matter back to state court for lack of federal question subject matter jurisdiction. Appellants appeal. Because 28 U.S.C. § 1447(d) bars appellate review of remand orders based on lack of subject matter jurisdiction, we dismiss the appeal.

## I.    BACKGROUND

Appellees filed this action in Missouri state court, alleging RMA "miscoded" certain medical procedures, the other Appellants knew of or were involved in this miscoding, and as a result Appellants overcharged Appellees. After removing the action to federal court, Appellants moved to dismiss, claiming Appellees lacked standing because Appellees did not allege they actually paid for any of the medical procedures. Appellees moved to remand the case back to the Missouri state court, contending ERISA did not preempt their claims.

The district court concluded Appellees lacked standing because they had not sustained an injury in fact, and accordingly, the court lacked subject matter

---

[2]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

jurisdiction. Based on this conclusion, the district court dismissed the case without prejudice and denied Appellees' motion to remand as moot. Upon Appellees' motion to amend the court's order and judgment, the district court (1) clarified it never made a determination regarding whether ERISA preempted Appellees' claims, and (2) vacated its previous order and remanded the case back to state court for lack of federal question subject matter jurisdiction.

Appellants appeal the district court's remand order, arguing that after the district court determined Appellees lacked standing, the court should have dismissed the case without prejudice, as the court did in its first order, rather than modifying its opinion and remanding the case. Appellees move to strike or dismiss the appeal, arguing that because the district court remanded the case for lack of subject matter jurisdiction, this court cannot review the district court's remand order.

## II.    DISCUSSION

Under 28 U.S.C. § 1447(c) and (d) and our case law precedent, we cannot review the district court's remand order. Because Appellees lacked standing, the district court lacked subject matter jurisdiction. Faibisch v. Univ. of Minn., 304 F.3d 797, 801 (8th Cir. 2002) (holding "if a plaintiff lacks standing, the district court has no subject matter jurisdiction" (citation omitted)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When a district court remands a case based on a lack of subject matter jurisdiction under section 1447(c), "a court of appeals lacks jurisdiction to entertain an appeal of the remand order." Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28 (1995); see also 28 U.S.C. § 1447(d). Thus, when a case is remanded under section 1447(c), the remand order must stand "whether erroneous or not and whether review is sought by appeal or by extraordinary writ." Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976), overruled on other grounds by Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 714-15 (1996); see also Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 623

(8th Cir. 1997). Finally, we note that although arising in a different context than the case before us, the Supreme Court applied similar reasoning in its recent decision in Kircher v. Putnam Funds Trust, No. 05-409, 2006 WL 1640102, at *9 (U.S. June 15, 2006) (holding where the district court remanded the removed action to state court for lack of subject matter jurisdiction under the Securities Litigation Uniform Standards Act of 1998, the district court's remand order is unreviewable under 28 U.S.C. § 1447(d)).

We recognize our holding today creates a potential Catch-22 for the parties: the district court dismissed the action for lack of subject matter jurisdiction because Appellees failed to allege Article III standing, and upon remand, the state court might dismiss the action for lack of jurisdiction because of ERISA preemption.[3] The parties may find themselves unable to proceed in either federal or state court. One remedy to this dilemma is including a class member in the case who sustained an injury in fact.

---

[3]We note, however, if this were a genuine Catch-22 holding, we may not have explained our decision:

> "'What right do you have?' the girls said. 'Catch-22,' the men said. All they kept saying was 'Catch-22, Catch-22.' What does it mean, Catch-22? What is Catch-22?"
>
> "Didn't they show it to you?" Yossarian demanded, stamping about in anger and distress. "Didn't you even make them read it?"
>
> "They don't have to show us Catch-22," the old woman answered. "The law says they don't have to."
>
> "What law says they don't have to?"
>
> "Catch-22."

Joseph Heller, *Catch-22* 375 (Simon & Schuster 1999) (1961).

## III. CONCLUSION

We grant Appellees' motion and dismiss this appeal pursuant to 28 U.S.C. § 1447(d) for lack of appellate jurisdiction.

_____