Donald J. **HOLEM**, Plaintiff,

v.

Thomas **EAGLE** and Iowa, Chicago & Eastern Railroad Corporation, Defendants.

No. 3–07–CV–3–CRW–TJS.

United States District Court,
S.D. Iowa,
Davenport Division.

April 5, 2007.

Eric M Knoernschild, Stanley Lande & Hunter, Muscatine, IA, for Plaintiff.

James A. Nepple, Michelle L. Heller, Nepple Law PLC, Muscatine, IA, James A. Fletcher, James D. Helenhouse, Fletcher & Sippel LLC, Chicago, IA, for Defendant.

## ORDER DENYING MOTION TO REMAND

WOLLE, District Judge.

This case concerns federal court removal jurisdiction arising from a crossing collision between a pickup truck and a train. On an issue not free of doubt, I conclude the federal law governing railroad safety completely preempts state law; the motion to remand is denied.

On January 3, 2007, defendant Iowa, Chicago & Eastern Railroad Corporation (the Railroad) removed to this court a personal injury lawsuit filed by plaintiff Donald J. Holem (Holem) in the Iowa District Court for Muscatine County against the Railroad and defendant Thomas Eagle (Eagle), the driver of a pickup in which Holem was a passenger. The Railroad also filed a cross-claim against Eagle. On January 31, 2007 Holem filed a motion to remand, a motion in which Eagle joined on February 2, 2007. The Railroad resists remand, contending federal law provides complete preemption of the claims and provides jurisdiction in this court.

On March 9, 2007, the court held a hearing by telephone conference call on the resisted motion to remand. The court denies the motion to remand. If requested by one or more parties, however, the court will certify for interlocutory appeal to the United States Court of Appeals for the Eighth Circuit the jurisdictional questions the motion to remand presents.

■■■ The court need not and will not repeat in detail the many legal authorities cited in the parties' excellent briefs that rely on well-reasoned decisions of district judges in the Eastern District of Missouri and elsewhere. I recognize that the Railroad has the burden of establishing federal jurisdiction; the federal court has limited jurisdiction, and usually all defendants must join in removal. But Congress has chosen to favor federal court as the venue for deciding question of railroad safety and safety devices. The court chooses to follow the reasoning and holding in *Hodge v. Burlington Northern & Santa Fe Ry. Co.*, 461 F.Supp.2d 1044 (E.D.Mo.2006), a case very similar on its facts to this one. I conclude, as did the U.S. Senior District Judge there, that the Federal Railroad Safety Act and relevant regulations promulgated thereunder completely preempt several claims alleged in that case and here: adequacy of warning devices at the crossing, negligent operation of the train, and failure to have and use audible warning devices (bells and whistles) on the train. *Hodge*, 461 F.Supp.2d at 1053. I also conclude that any claims against the Railroad and Eagle that are not preempted by federal law will be retained here and not remanded because this court can become "fully versed in" Iowa law and "is quite capable of applying" Iowa law to the claims not otherwise preempted. *Ibid.*

Practical considerations favor retention of all claims within this court's discretionary supplemental jurisdiction. In a single trial, all claims may be presented and resolved by a single jury. Moreover, the parties may seek certification to the United States Court of Appeals of this close question of federal jurisdiction on which district judges' decisions have split and cannot be reconciled. Interlocutory appeal and an early, final, binding decision on this court's jurisdiction would eliminate the potential need for a second jury trial if a first trial, verdict, and judgment in this court is nullified by a post-trial reversal on a jurisdictional ground. (An order remanding this case to the Iowa District Court at this time would not be appealable.). *See Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 343–346, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

Holem and Eagle contend this court should remand because Holem pleaded only state law claims, complete preemption does not apply to those pleaded claims, and because ordinarily all defendants must join in removal to federal court.

On these contentions, I recognize that *Connolly v. Union Pacific R.R. Co.,* 453 F.Supp.2d 1104 (E.D.Mo.2006), also well reasoned, reached a contrary result, relying on essentially the same authorities as the *Hodge* case, *supra.* I find the *Hodge* analysis of authorities and reasoning more persuasive.

Holem cannot defeat this court's jurisdiction by pleading only Iowa causes of action. The claims of Railroad negligence necessarily implicate the controlling federal law and regulations governing locomotive operation and supercede Iowa law on those issues. "The state law claim is considered to be a federal claim from its inception and therefore, arising under federal law, (makes) removal proper." *Hodge,* 461 F.Supp.2d at 1049 (authorities omitted).

I conclude, as did the *Hodge* court, that when complete preemption mandates federal jurisdiction of the claims against the Railroad, questions of diversity jurisdiction and lack of consent of another defendant become "immaterial"-essentially moot. *Hodge,* 461 F.Supp.2d at 1048. Thus the court need not decide whether the claims against the Railroad, that are different from the claims against Eagle, are separate and independent so as to support jurisdiction in this court regardless of Eagle's failure to consent. *See* 28 U.S.C. § 1441(c). The court denies the motion to remand.

Any party may by April 19, 2007, request that this court certify to the United States Court of Appeals for the Eighth Circuit whether it should grant interlocutory appeal of this court's ruling on the jurisdiction issues arising from the claims and cross-claims here pleaded. The parties shall promptly move this case toward jury trial or other disposition in this court.

IT IS SO ORDERED.