**Charles BILBRUCK, Plaintiff—Appellee,**

v.

**BNSF RAILWAY COMPANY, a Delaware corporation, Defendant—Appellant.**

No. 05–35727.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2007.

Filed July 30, 2007.

Terry N. Trieweiler, Esq., Meloy Law Firm, Helena, MT, for Plaintiff–Appellee.

Bryan P. Neal, Esq., Stephen F. Fink, Esq., Thompson & Knight LLP, Dallas, TX, Jeff Hedger, Esq., Hedger Moyers LLP, Billings, MT, for Defendant–Appellant.

Before: PREGERSON, FERGUSON, and IKUTA, Circuit Judges.

MEMORANDUM *

Appellant BNSF Railway Company appeals the district court's order granting

* This disposition is not appropriate for publica-    tion and is not precedent except as provided

Appellee Charles Bilbruck's motion to remand the action to state court. Remand orders issued under 28 U.S.C. § 1447(c) and invoking the grounds specified therein are usually immune from review under § 1447(d). Accordingly, we must determine whether we have jurisdiction to review this case. We have provisional jurisdiction under 28 U.S.C. § 1291 and we have jurisdiction to determine whether we have jurisdiction to hear the case. *See United States v. Ruiz,* 536 U.S. 622, 628, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002). For the reasons set forth below, we find that we lack jurisdiction to review this case.

Section 1447(d) states, in relevant part, that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Despite this broad prohibition, the Supreme Court has held that § 1447(d) must be read together with § 1447(c) such that § 1447(d) precludes review only of remands made pursuant to a ground enumerated in § 1447(c). *See Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 346, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976) ("[O]nly remand orders issued under § 1447(c) and invoking the grounds specified therein—that removal was improvident and without jurisdiction—are immune from review under § 1447(d)."), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 711–15, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). "Section 1447(c) states that remand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure." *Aguon–Schulte v. Guam Election Comm'n,* 469 F.3d 1236, 1240 (9th Cir.2006); *see also* 28 U.S.C. § 1447(c). The statute further states that a motion to remand for any defect other than lack of subject matter

jurisdiction must be made within thirty days after the filing of the notice of removal under § 1446(a). *See* 28 U.S.C. § 1447(c). Therefore, we have no authority to review a remand ordered for (1) lack of subject matter jurisdiction or (2) a timely raised "defect" in the removal procedure.

We conclude that this basis for remand related not to subject matter jurisdiction, but to another defect in the removal procedure. *See id.* The right to remove a case from state to federal court is vested exclusively in "the defendant or the defendants...." 28 U.S.C. § 1441(a). The district court granted Bilbruck's motion to remand after concluding that BNSF is not the defendant, but the plaintiff at whose will the "institution and continuance of the proceedings depend[ed]." *See Chicago, R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 580, 74 S.Ct. 290, 98 L.Ed. 317 (1954). Regardless of whether the district court was correct in its application of *Stude,* because we conclude that the district court granted the remand on the basis of this timely raised procedural defect, we lack jurisdiction to review this appeal. 28 U.S.C. § 1447(d).

BNSF contends, however, that Bilbruck's assertion of this procedural defect was not timely. *See* 28 U.S.C. § 1447(c). We disagree. On January 25, 2005, BNSF removed the action to the federal district court. Bilbruck moved to remand the case on February 18, 2005. BNSF does not dispute that Bilbruck filed the motion to remand raising this procedural defect within the thirty-day limit prescribed by 28 U.S.C. § 1447(c). However, ten days later, the district court denied without prejudice Bilbruck's motion because it failed to comply with a local rule which required that the motion state whether

by Ninth Circuit Rule 36–3.

BNSF objected to the motion.[1] In this order, the district court stated that Bilbruck was permitted to resubmit his motion, provided that he complied with the local rule. On March 2, 2005—two days beyond the thirty-day limit—Bilbruck amended his remand motion to comply with the local rule.

BNSF is correct that Bilbruck failed to file a defect-free motion to remand within the thirty-day deadline. This failure, however, is not fatal. Although § 1447(c)'s thirty-day deadline is plainly mandatory, the deadline does not render a timely filed motion to remand untimely simply because the movant is required to amend that motion to comply with a local rule. *See Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.,* 422 F.3d 72, 76 (2d Cir. 2005); *see also Farzana K. v. Indiana Dept. of Ed.,* 473 F.3d 703 (7th Cir.2007); *Somlyo v. J. Lu–Rob Enters., Inc.,* 932 F.2d 1043, 1048–49 (2d Cir.1991) (noting that a district court has inherent authority to determine when to overlook or excuse a departure from its own local rules, regardless of whether such departure is authorized in the local rules). Bilbruck's motion to remand was timely despite his failure to comply with a local rule. Further, BNSF has not identified any prejudice arising from the two-day delay in its receipt of the amended remand motion. *See Phoenix Global Ventures, LLC,* 422 F.3d at 76. Therefore, we hold that the district court properly exercised its discretion when it found that Bilbruck's technical noncompliance did not render his motion to remand untimely.[2]

Because the district court's remand order related to "any defect" in the removal procedure, 28 U.S.C. § 1447(c), and the district court acted within its discretion in waiving Bilbruck's failure to comply with the local rule, Bilbruck's motion to remand was timely, *see Phoenix Global Ventures, LLC,* 422 F.3d at 76, and the district court's remand order is unreviewable, 28 U.S.C. § 1447(d).[3] Consequently, we lack jurisdiction to hear this case, and the appeal is DISMISSED.

---

**1.** Montana District Court Local Rule 7.1(j) requires that, "[w]ithin the text of each motion submitted to the Court, the moving party shall note that other parties have been contacted concerning the motion and whether other parties object to the motion."

**2.** The Supreme Court's recent decision in *Bowles v. Russell,* —— U.S. ——, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), does not impact our holding. In that case, the Supreme Court held that the filing deadline for a Notice of Appeal is jurisdictional. *See id.* at 2365. The Court based its holding on the fact that the filing deadline is set forth in a statute. *See id.* (recognizing that Notice to Appeal deadlines are governed by 28 U.S.C. § 2107(a)). Here, Bilbruck's motion to remand was filed within the 28 U.S.C. § 1447(c)'s thirty-day deadline, but it ran afoul of a *local* rule. The *Bowles* Court recognized that such rules are not jurisdictional. *See Bowles,* 127 S.Ct. at 2364 (recognizing that filing deadlines not dictated by statute are "procedural rules adopted by the [court] for the orderly transaction of its business" and "are not jurisdictional." (quoting *Kontrick v. Ryan,* 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (internal quotations omitted))).

**3.** Because we determine we are without jurisdiction to review this case, we do not address whether the district court erred when, relying on *Shamrock Motors v. Ford Motor Co.,* 120 F.3d 196 (9th Cir.1997), it identified an alternate procedural defect in removal and held that the case before it was not a "civil action" within the meaning of 28 U.S.C. § 1441. We note, however, that the viability of *Shamrock Motors* is highly questionable in light of the Supreme Court's decision in *City of Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). *See id.* at 178–79, 118 S.Ct. 523 (Ginsburg J., dissenting) (listing *Shamrock Motors* among the cases that *College of Surgeons* "overrides").