(Slip Opinion)          OCTOBER TERM, 2008          1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## CARLSBAD TECHNOLOGY, INC. *v.* HIF BIO, INC., ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

No. 07–1437.   Argued February 24, 2009—Decided May 4, 2009

Respondents filed a state-court suit alleging that petitioner had violated state and federal law in connection with a patent dispute. After removing the case to Federal District Court under 28 U. S. C. §1441(c), which allows removal if the case includes at least one claim over which the federal court has original jurisdiction, petitioner moved to dismiss the suit's only federal claim, which arose under the Racketeer Influenced and Corrupt Organizations Act (RICO). Agreeing that respondents had failed to state a RICO claim upon which relief could be granted, the District Court dismissed the claim; declined to exercise supplemental jurisdiction over the remaining state-law claims under §1367(c)(3), which allows such a course if the court "has dismissed all claims over which it has original jurisdiction"; and remanded the case to state court. The Federal Circuit dismissed petitioner's appeal, finding that the remand order could be colorably characterized as based on a "lack of subject matter jurisdiction" over the state-law claims, §1447(c), and was therefore "not reviewable on appeal," §1447(d).

*Held:* A district court's order remanding a case to state court after declining to exercise supplemental jurisdiction over state-law claims is not a remand for lack of subject-matter jurisdiction for which appellate review is barred by §§1447(c) and (d). With respect to supplemental jurisdiction, a federal court has subject-matter jurisdiction over specified state-law claims, see §§1367(a), (c), and its decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary, see, *e.g., Osborn* v. *Haley*, 549 U. S. 225, 245. It is undisputed that when this case was removed, the District Court had original jurisdiction

over the federal RICO claim under §1331 and supplemental jurisdiction over the state-law claims, which were "so related to claims . . . within such original jurisdiction that they form[ed] part of the same case or controversy," §1367(a). On dismissing the RICO claim, the court retained its statutory supplemental jurisdiction over the state-law claims. Its decision not to exercise that statutory authority was not based on a jurisdictional defect, but on its discretionary choice. See *Chicago* v. *International College of Surgeons*, 522 U. S. 156, 173. Pp. 3–6.

508 F. 3d 659, reversed and remanded.

THOMAS, J., delivered the opinion for a unanimous Court. STEVENS, J., and SCALIA, J., filed concurring opinions. BREYER, J., filed a concurring opinion, in which SOUTER, J., joined.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 07–1437

CARLSBAD TECHNOLOGY, INC., PETITIONER *v.* HIF BIO, INC., ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

[May 4, 2009]

JUSTICE THOMAS delivered the opinion of the Court.

In this case, we decide whether a federal court of appeals has jurisdiction to review a district court's order that remands a case to state court after declining to exercise supplemental jurisdiction over state-law claims under 28 U. S. C. §1367(c). The Court of Appeals for the Federal Circuit held that appellate review of such an order is barred by §1447(d) because it viewed the remand order in this case as resting on the District Court's lack of subject-matter jurisdiction over the state-law claims. We disagree and reverse the judgment of the Court of Appeals.

I

In 2005, respondents filed a complaint against petitioner and others in California state court, alleging that petitioner had violated state and federal law in connection with a patent dispute. Petitioner removed the case to the United States District Court for the Central District of California pursuant to §1441(c), which allows removal of an "entire case" when it includes at least one claim over which the federal district court has original jurisdiction. Petitioner then filed a motion to dismiss the only federal

claim in the lawsuit, which arose under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U. S. C. §§1961–1968, for failure to adequately allege a pattern of racketeering. *HIF Bio, Inc.* v. *Yung Shin Pharmaceuticals Indus. Co.*, 508 F. 3d 659, 662 (CA Fed. 2007). The District Court agreed that respondents had failed to state a RICO claim upon which relief could be granted and dismissed the claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The District Court also declined to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U. S. C. §1367(c)(3), which provides that a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." The District Court then remanded the case to state court as authorized by this Court's decision in *Carnegie-Mellon Univ.* v. *Cohill*, 484 U. S. 343 (1988).

Petitioner appealed to the United States Court of Appeals for the Federal Circuit, arguing that the District Court should have exercised supplemental jurisdiction over the state-law claims because they implicate federal patent-law rights. 508 F. 3d, at 663. The Court of Appeals dismissed the appeal, finding that the remand order could "be colorably characterized as a remand based on lack of subject matter jurisdiction" and, therefore, could not be reviewed under §§1447(c) and (d), which provide in part that remands for "lack of subject matter jurisdiction" are "not reviewable on appeal or otherwise." See *id.,* at 667.

This Court has not yet decided whether a district court's order remanding a case to state court after declining to exercise supplemental jurisdiction is a remand for lack of subject-matter jurisdiction for which appellate review is barred by §§1447(c) and (d). See *Powerex Corp.* v. *Reliant Energy Services, Inc.*, 551 U. S. 224, 235, n. 4 (2007) ("We

have never passed on whether *Cohill* remands are subject-matter jurisdictional for purposes of . . . §1447(c) and §1447(d)"). We granted certiorari to resolve this question, 555 U. S. \_\_\_ (2008), and now hold that such remand orders are not based on a lack of subject-matter jurisdiction. Accordingly, we reverse the judgment of the Court of Appeals and remand for further proceedings.

## II

Appellate review of remand orders is limited by 28 U. S. C. §1447(d), which states:

> "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."

This Court has consistently held that §1447(d) must be read *in pari materia* with §1447(c), thus limiting the remands barred from appellate review by §1447(d) to those that are based on a ground specified in §1447(c). See *Thermtron Products, Inc.* v. *Hermansdorfer*, 423 U. S. 336, 345–346 (1976); see also *Powerex, supra,* at 229; *Quackenbush* v. *Allstate Ins. Co.*, 517 U. S. 706, 711–712 (1996); *Things Remembered, Inc.* v. *Petrarca*, 516 U. S. 124, 127 (1995).*

One type of remand order governed by §1447(c)—the type at issue in this case—is a remand order based on a

―――――――

*We do not revisit today whether *Thermtron* was correctly decided. Neither the brief for petitioner nor the brief for respondents explicitly asked the Court to do so here, and counsel for both parties clearly stated at oral argument that they were not asking for *Thermtron* to be overruled. See Tr. of Oral Arg. 16, 22; cf. *South Central Bell Telephone Co.* v. *Alabama*, 526 U. S. 160, 171 (1999). We also note that the parties in *Powerex*, *Quackenbush*, and *Things Remembered* did not ask for *Thermtron* to be overruled.

lack of "subject matter jurisdiction." §1447(c) (providing, in relevant part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The question presented in this case is whether the District Court's remand order, which rested on its decision declining to exercise supplemental jurisdiction over respondents' state-law claims, is a remand based on a "lack of subject matter jurisdiction" for purposes of §§1447(c) and (d). It is not.

"Subject matter jurisdiction defines the court's authority to hear a given type of case," *United States* v. *Morton*, 467 U. S. 822, 828 (1984); it represents "the extent to which a court can rule on the conduct of persons or the status of things." Black's Law Dictionary 870 (8th ed. 2004). This Court's precedent makes clear that whether a court has subject-matter jurisdiction over a claim is distinct from whether a court chooses to exercise that jurisdiction. See, *e.g., Quackenbush*, *supra,* at 712 (holding that an abstention-based remand is not a remand for "lack of subject matter jurisdiction" for purposes of §§1447(c) and (d)); *Ankenbrandt* v. *Richards*, 504 U. S. 689, 704 (1992) (questioning whether, "even though subject matter jurisdiction might be proper, sufficient grounds exist to warrant abstention from the exercise of that jurisdiction"); *Iowa Mut. Ins. Co.* v. *LaPlante*, 480 U. S. 9, 16, n. 8 (1987) (referring to exhaustion requirement as "a matter of comity" that does "not deprive the federal courts of subject-matter jurisdiction" but does "rende[r] it appropriate for the federal courts to decline jurisdiction in certain circumstances").

With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. See §§1367(a), (c). A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is

purely discretionary. See §1367(c) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction" (emphasis added)); *Osborn* v. *Haley*, 549 U. S. 225, 245 (2007) ("Even if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction"); *Arbaugh* v. *Y & H Corp.*, 546 U. S. 500, 514 (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U. S. C. §1367, over pendent state-law claims"); see also 13D C. Wright, A. Miller, E. Cooper, & R. Freer, Federal Practice and Procedure §3567.3, pp. 428–432 (3d ed. 2008) ("Once it has dismissed the claims that invoked original bases of subject matter jurisdiction, all that remains before the federal court are state-law claims. . . . The district court retains discretion to exercise supplemental jurisdiction [over them]"). As a result, "the [district] court's exercise of its discretion under §1367(c) is not a jurisdictional matter. Thus, the court's determination may be reviewed for abuse of discretion, but may not be raised at any time as a jurisdictional defect." 16 J. Moore et al., Moore's Federal Practice §106.05[4], p. 106–27 (3d ed. 2009).

It is undisputed that when this case was removed to federal court, the District Court had original jurisdiction over the federal RICO claim pursuant to 28 U. S. C. §1331 and supplemental jurisdiction over the state-law claims because they were "so related to claims in the action within such original jurisdiction that they form[ed] part of the same case or controversy under Article III of the United States Constitution." §1367(a). Upon dismissal of the federal claim, the District Court retained its statutory supplemental jurisdiction over the state-law claims. Its decision declining to exercise that statutory authority was

not based on a jurisdictional defect but on its discretionary choice not to hear the claims despite its subject-matter jurisdiction over them. See *Chicago* v. *International College of Surgeons*, 522 U. S. 156, 173 (1997) ("Depending on a host of factors, then—including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims"). The remand order, therefore, is not based on a "lack of subject matter jurisdiction" for purposes of the bar to appellate review created by §§1447(c) and (d).

The Court of Appeals held to the contrary based on its conclusion that "every §1367(c) remand necessarily involves a predicate finding that the claims at issue lack an independent basis of subject matter jurisdiction." 508 F. 3d, at 667. But, as explained above, §§1367(a) and (c) provide a basis for subject-matter jurisdiction over any properly removed state claim. See *Osborn*, *supra,* at 245; *Arbaugh*, *supra,* at 514. We thus disagree with the Court of Appeals that the remand at issue here "can be colorably characterized as a lack of subject matter jurisdiction." 508 F. 3d, at 667.

\*     \*     \*

When a district court remands claims to a state court after declining to exercise supplemental jurisdiction, the remand order is not based on a lack of subject-matter jurisdiction for purposes of §§1447(c) and (d). The judgment of the Court of Appeals for the Federal Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

_____

No. 07–1437

_____

## CARLSBAD TECHNOLOGY, INC., PETITIONER *v.* HIF BIO, INC., ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE FEDERAL CIRCUIT

[May 4, 2009]

JUSTICE STEVENS, concurring.

In his dissenting opinion in *Thermtron Products, Inc.* v. *Hermansdorfer*, 423 U. S. 336, 360 (1976), then-Justice Rehnquist remarked that he could "perceive no justification for the Court's decision to ignore the express directive of Congress in favor of what it personally perceives to be 'justice' in this case." He began his dissent with a comment that is also applicable to the case before us today: "The Court of Appeals not unreasonably believed that 28 U. S. C. §1447(d) means what it says. It says:

> 'An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . .'" *Id.*, at 354.

Today, as in *Thermtron,* the Court holds that §1447(d) does not mean what it says.

If we were writing on a clean slate, I would adhere to the statute's text. But *Thermtron*'s limiting construction applies equally to this case as it did to *Powerex Corp.* v. *Reliant Energy Services, Inc.*, 551 U. S. 224, 229–230 (2007), *Quackenbush* v. *Allstate Ins. Co.*, 517 U. S. 706, 711–712 (1996), and *Things Remembered, Inc.* v. *Petrarca*, 516 U. S. 124, 127–128 (1995), and *stare decisis* compels the conclusion that the District Court's remand order is reviewable notwithstanding §1447(d)'s unambiguous

contrary command. The Court's adherence to precedent in this case represents a welcome departure from its sometimes single-minded focus on literal text. Accordingly, I join the Court's opinion.

# SUPREME COURT OF THE UNITED STATES

_____

No. 07–1437

_____

## CARLSBAD TECHNOLOGY, INC., PETITIONER *v.* HIF BIO, INC., ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE FEDERAL CIRCUIT

[May 4, 2009]

JUSTICE SCALIA, concurring.

The Court today does nothing more than accurately apply to the facts of this case our holding in *Thermtron Products, Inc.* v. *Hermansdorfer*, 423 U. S. 336 (1976). *Ante,* at 3–6.\*  As the Court notes, neither party has asked us to reconsider *Thermtron*, and we thus have no occasion to revisit that decision here, see *ante,* at 3, n.

I write separately, though, to note that our decision in *Thermtron* was questionable in its day and is ripe for reconsideration in the appropriate case.  Title 28 U. S. C. §1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."  The statute provides a single exception—not remotely implicated in this case—for certain civil rights cases removed under §1443.  See §1447(d). As then-Justice Rehnquist understatingly observed in his *Thermtron* dissent, it would not be "unreasonabl[e] [to] believ[e] that 28 U. S. C. §1447(d) means what it says," 423 U. S., at 354; and what it says is no appellate review

_____

\*Contrary to JUSTICE BREYER's suggestion, this case does not involve reading another "exceptio[n]" into 28 U. S. C. §1447(d)'s language.  See *post,* at 2 (concurring opinion).  Not, that is, if you think *Thermtron* was rightly decided.  Unlike *Osborn* v. *Haley*, 549 U. S. 225 (2007), this case simply involves applying *Thermtron*'s *in pari materia* reading of §1447(d) to the facts of this case.

of remand orders. See also *Osborn* v. *Haley*, 549 U. S. 225, 263 (2007) (SCALIA, J., dissenting). Since the District Court's order in this case "remand[ed] a case to the State court from which it was removed," it should be—in the words of §1447(d)—"not reviewable on appeal or otherwise." Q. E. D.

Over the years, the Court has replaced the statute's clear bar on appellate review with a hodgepodge of jurisdictional rules that have no evident basis even in common sense. Under our decisions, there is no appellate jurisdiction to review remands for lack of subject-matter jurisdiction, see *Powerex Corp.* v. *Reliant Energy Services, Inc.*, 551 U. S. 224, 232 (2007), though with exception, see *Osborn* v. *Haley*, *supra*, at 243–244; there is jurisdiction to review remands of supplemental state-law claims, and other remands based on abstention, see *Quackenbush* v. *Allstate Ins. Co.*, 517 U. S. 706, 711–712 (1996), though presumably no jurisdiction to review remands based on the "defects" referenced in §1447(c). See also *post,* at 2 (BREYER, J., concurring) (discussing similar anomalies). If this muddle represents a *welcome* departure from the literal text, see *ante*, at 2 (STEVENS, J., concurring), the world is mad.

This mess—entirely of our own making—does not in my view require expert reexamination of this area of the law, see *post,* at 2 (BREYER, J., concurring). It requires only the reconsideration of our decision in *Thermtron*—and a welcome *return* to the Court's focus on congressionally enacted text.

# SUPREME COURT OF THE UNITED STATES

_____

No. 07–1437

_____

## CARLSBAD TECHNOLOGY, INC., PETITIONER *v.* HIF BIO, INC., ET AL.

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

[May 4, 2009]

JUSTICE BREYER, with whom JUSTICE SOUTER joins, concurring.

I join the Court's opinion. I write separately to note an anomaly about the way 28 U. S. C. §1447 works. In this case, we consider a District Court's decision not to retain on its docket a case that *once* contained federal law issues but *now* contains only state law issues. All agree that the law grants the District Court broad discretion to determine whether it should keep such cases on its docket, that a decision to do so (or not to do so) rarely involves major legal questions, and that (even if wrong) a district court decision of this kind will not often have major adverse consequences. We now hold that §1447 *permits* appellate courts to review a district court decision of this kind, even if only for abuse of discretion.

Contrast today's decision with our decision two Terms ago in *Powerex Corp.* v. *Reliant Energy Services, Inc.*, 551 U. S. 224 (2007). In that case, we considered a District Court's decision to remand a case in which a Canadian province-owned power company had sought removal—a matter that the Foreign Sovereign Immunities Act of 1976 specifically authorizes federal judges (in certain instances) to decide. See §§1441(d); 1603(a). The case presented a difficult legal question involving the commercial activities of a foreign sovereign; and the District Court's decision (if

wrong) had potentially serious adverse consequences, namely preventing a sovereign power from obtaining the *federal* trial to which the law (in its view) entitled it. We nonetheless held that §1447 *forbids* appellate courts from reviewing a district court decision of this kind. *Id.*, at 238–239.

Thus, we have held that §1447 *permits* review of a district court decision in an instance where that decision is unlikely to be wrong and where a wrong decision is unlikely to work serious harm. And we have held that §1447 *forbids* review of a district court decision in an instance where that decision may well be wrong and where a wrong decision could work considerable harm. Unless the circumstances I describe are unusual, something is wrong. And the fact that we have read other exceptions in the statute's absolute-sounding language suggests that such circumstances are not all that unusual. See *Osborn* v. *Haley*, 549 U. S. 225, 240–244 (2007); *Thermtron Products, Inc.* v. *Hermansdorfer*, 423 U. S. 336, 350–352 (1976).

Consequently, while joining the majority, I suggest that experts in this area of the law reexamine the matter with an eye toward determining whether statutory revision is appropriate.