**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-1191**

_____

NATHAN ANDREW GROVES; JOEL FLAKE STROUD,

                Plaintiffs - Appellants,

        v.

DARLINGTON SOUTH CAROLINA, THE CITY OF,

                Defendant - Appellee.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:08-cv-00402-TLW-TER)

_____

Submitted:  September 25, 2009     Decided:  October 14, 2009

_____

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

_____

Joel F. Stroud, JOEL F. STROUD, ATTORNEY PLLC, Chesterfield,
South Carolina, for Appellants. J. Scott Kozacki, WILLCOX, BUYCK
& WILLIAMS, P.A., Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants, Nathan Andrew Groves and Joel Flake Stroud, appeal the district court's orders accepting the recommendation of the magistrate judge and dismissing their complaint with leave to file an amended complaint, affirming the magistrate judge's order of remand, and denying reconsideration of that order. We dismiss in part and affirm in part.

With respect to the district court's order dismissing the complaint with leave to amend, this court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2006), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2006); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 544-47 (1949). An order granting leave to amend is interlocutory as it leaves the case open for either amendment of the complaint or entry of final judgment. Jung v. K. & D. Mining Co., 356 U.S. 335 (1958); see also Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993) (a dismissal without prejudice is not generally appealable). Accordingly, we lack jurisdiction over the district court's order to the extent it dismissed the complaint with leave to amend.

With respect to the district court's order of remand, we find that the order is not reviewable. See 28 U.S.C. § 1447(d) (2006); Thermtron Prods., Inc. v. Hermansdorfer, 423

2

U.S. 336, 342 (1976) (holding limited on other grounds, Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-15 (1996)); Kolibash v. Comm. on Legal Ethics, 872 F.2d 571, 573 (4th Cir. 1989). The Supreme Court has specifically recognized that § 1447(d) "prohibits review of all remand orders issued pursuant to [28 U.S.C.] § 1447(c) [(2006)] whether erroneous or not." Thermtron Prods., 423 U.S. at 342; see also In re Lowe, 102 F.3d 731, 734 (4th Cir. 1996) (holding that once an order of remand is entered, the federal courts no longer have jurisdiction over the case). Here, the district court's order of remand cites its lack of subject matter jurisdiction as the reason for the remand, and therefore the order was entered pursuant to § 1447(c).

With respect to the district court's order denying reconsideration of these orders, the Appellants have failed to challenge that order on appeal and, therefore, forfeited appellate review of that order. See 4th Cir. R. 34(b). Accordingly, we dismiss the appeal from the district court's order remanding a portion of the case to state court and dismissing the complaint with leave to amend for lack of jurisdiction, and affirm the district court's order denying reconsideration of that order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before the court and argument would not aid in the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

4