NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ISAAC A. POTTER, JR.,**
*Plaintiff-Appellant,*

**v.**

**ROBERTA S. BREN AND OBLON SPIVAK,**
*Defendants-Appellees,*

AND

**MICHELLE K. LEE, DEPUTY DIRECTOR, U.S. PATENT AND TRADEMARK OFFICE, AND LINDA M. KING,**
*Defendants-Appellees.*

_____

2014-1379

_____

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:13-cv-01417-CMH-IDD, Senior Judge Claude M. Hilton.

-------------------------------------------------------------------

**ISAAC A. POTTER, JR.,**
*Plaintiff-Appellant,*

**v.**

**ROBERTA S. BREN AND OBLON SPIVAK,**
*Defendants-Appellees,*

AND

**MICHELLE K. LEE, DEPUTY DIRECTOR, U.S.
PATENT AND TRADEMARK OFFICE, AND LINDA
M. KING,**
*Defendants-Appellees.*

————————————

2014-1505

————————————

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:13-cv-01417-CMH-IDD, Senior Judge Claude M. Hilton.

————————————

PER CURIAM.

**O R D E R**

Upon docketing of Mr. Potter's recent notice of appeal, *Potter v. Bren*, 2014-1505, the court reconsiders its previous order of May 6, 2014 transferring an appeal in the same case, *Potter v. Bren*, 2014-1379, to the United States Court of Appeals for the Fourth Circuit.

In this case, the district court dismissed without prejudice and directed Mr. Potter to amend his complaint. Mr. Potter then filed a notice of appeal seeking review at this court, and that appeal was docketed as 2014-1379. On May 6, 2014, this court issued an order transferring the case to the Fourth Circuit, where Mr. Potter had filed a previous interlocutory appeal. Before our mandate issued, Mr. Potter filed a new "notice of appeal" at the district court, which was transmitted to this court. While this court docketed that notice as a new appeal, 2014-

1505, it appears that Mr. Potter is seeking reconsideration of this court's previous determination to transfer.

Upon further review, this court concludes that it would not be in the interest of justice to transfer the 2014-1379 appeal because the Fourth Circuit would not have jurisdiction over the order dismissing the complaint without prejudice. *See Groves v. City of Darlington*, 346 Fed. Appx. 965, 966 (4th Cir. 2009) ("An order granting leave to amend is interlocutory as it leaves the case open for either amendment of the complaint or entry of final judgment."); *see also* 28 U.S.C. § 1631 (authorizing transfer only if it is in the interest of justice to do so).

Mr. Potter mentions his "Motion to Transfer Action No. 1:13-CV-0417-CMH-IDD to the Court of Federal Claims," which has not been acted on by the district court. Generally, this court has jurisdiction to review interlocutory orders from district courts concerning a motion to transfer to the Court of Federal Claims. *See* 28 U.S.C. § 1292(d)(4)(A). However, based on Mr. Potter's citations to 28 U.S.C. §§ 1292 and 1295 and reference to the Fourth Circuit's previous dismissal order, it is unclear that Mr. Potter's motion was actually seeking transfer to the Court of Federal Claims.

To the extent that the district court's dismissal order constructively denied his transfer motion and that determination properly falls within this court's jurisdiction, there is no showing that the Court of Federal Claims would have had jurisdiction over Mr. Potter's complaint. Thus, to the extent that Mr. Potter's appeals raise this issue, we affirm. *Cf. Parker v. U.S.*, Nos. 93-1055, -1058, -1123, 1993 WL 262640, at *1 (Fed. Cir. Apr. 15, 1993) (summarily affirming under similar circumstances).

Accordingly,

4                                    POTTER v. BREN

IT IS ORDERED THAT:

(1) The May 6, 2014 order transferring Appeal No. 2014-1379 is vacated.

(2)  The appeals are dismissed-in-part and affirmed-in-part.

(3) Any other pending motions are denied as moot.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s30